## HAWTHORNE et al. v. WALTON et al.
### No. 8459.

Court of Civil Appeals of Texas. San Antonio.
June 25, 1930.

Rehearing Denied July 23, 1930.

J. F. Carl, of Edinburg, and Strickland & Ewers, of Mission, for appellants.

J. C. Epperson, of Edinburg, and Don A. Bliss, of San Antonio, for appellees.

**398**

FLY, C. J.

This suit was instituted by J. G. Walton and J. O. Walton against S. C. Hawthorne, M. L. Woods, A. M. Gunnell, and Woods & Gunnell, to recover actual damages in the sum of $15,000 and exemplary damages in the sum of $15,000. It was alleged that the plaintiffs, appellees herein, resided in Washington county, Mo., and the defendants, appellants, also resided in Missouri, in Jackson county, but at times extended their activities as land agents and promoters to Hidalgo county, Tex., to which locality excursions were organized and potential land buyers carried. It was alleged that the partnership of Woods & Gunnell was created as an instrumentality or agency of Hawthorne, Woods, and Gunnell, behind which partnership appellants operated "in the carrying out of the conspiracy, plan and scheme to defraud and swindle" appellees and others who were enticed into buying lands from them in Hidalgo county. That said conspiracy was put into effect by means of excursions to Texas and false representations as to the quality, quantity, and location of lands, "that various parcels of land in Hidalgo County, Texas, should and would be sold by the defendants, acting through defendants Woods & Gunnell Company, * * * for at least one-half cash, the balance of the purchase price to be represented by notes." It was further alleged that appellees were induced by appellants to go to Hidalgo county, that they went with an excursion in charge of appellants; that they represented to appellees "that all the tracts of land in the vicinity of Edinburg shown to them and especially the tract sought to be sold, and which was sold to plaintiffs by said defendants, were and was owned in fee simple title by defendants, Wood & Gunnell Company," and that appellees were induced to contract for the land for $530 an acre, for the south half of lot 2, block 273, which land when sold nor at any time was the property of appellants, and to which they had no right, title, or interest, and that appellees had already paid to appellants the sum of $5,150 on land which they did not own.

The cause was submitted on special issues, and the jury found, in response to the questions propounded, that a conspiracy was entered into among G. C. Hawthorne, M. L. Woods, and A. M. Gunnell to induce persons to purchase lands in Hidalgo county from Woods & Gunnell, by means of false representations as to material facts, that appellees were induced to purchase lot No. 2, in block 273, in what is known as the Edinburg tract, by the misrepresentations of appellants as to their ownership of such land, which false representations were made in pursuance of a conspiracy theretofore made to defraud appellees; that appellees believed such representations and were induced by them to enter into a contract to purchase said land and pay appellants $6,050 on the purchase money. Appellees discovered the fraud of appellants in March, 1926, and instituted this suit on April 26, 1928, but the jury found that the delay in bringing the action was caused by fraudulent promises of appellants that they would obtain title to the land and convey the same to appellees, and that these false promises were made with the purpose to cause appellees to delay their suit. The jury fixed the exemplary damages at $10,000.

The testimony shows a case of childlike faith and confidence on the part of appellees, utterly inconsistent with the traditional desire attributed to the Missourian to be shown everything before he will accept any statement or proceed on any enterprise. Without an abstract of title, without verifying the location of the lot, appellees parted with their money for a "gold brick" not even washed or plated with the precious metal. They swallowed with avidity all statements about the land and even when it was discovered that the Missouri "realtors" had no right or title their trust did not abate, but they accepted their statements and lingered and hesitated in suing them until two years had expired. They were hypnotized and thoroughly under the bromidic influence of their unscrupulous neighbors. The jury found that they were led like bullocks to the shambles and were deceived by the palpable fraud of the conspirators, and there is evidence that justifies such finding.

Relying upon a provision of law which permits the use of errors assigned in the motion for a new trial to be used as the assignment of errors, appellants have copied no assignments into the record. In order to verify the twenty-six assignments of error copied in the brief it has been necessary to compare them with two motions for new trial, one for Hawthorne and one for Woods, each covering eight pages of typewritten matter.

[1, 2] Most of the propositions are quite general and abstract in their nature. The first proposition is not sustained. The action is based upon a written contract of sale executed by the parties, and the suit was not barred on its face in two years from the alleged discovery of the fraud, because the supplemental petition in answer to appellants' answer fully set out the fraud by which appellees were prevented from instituting suit until after two years had expired. The pleadings should have been considered together.

While the petition is prolix and contains much unnecessary matter, it stated a cause of action when it alleged that appellants had induced appellees by false and fraudulent representations to buy a tract of land in which they had no right or interest, a case had been stated, and, if all the special exceptions had been sustained, enough would have remained to sustain the action. The

general demurrer and special exceptions were properly overruled. The propositions from the second to the thirteenth, inclusive, are overruled.

[4] Conspiracies are conceived and concluded in secret, and it would be a novel case indeed where it was or could be shown that a certain agreement was made to defraud and rob their fellows. The agreement is an inference from the fraudulent acts concurred in by the parties to the conspiracy. Conspiracies are conceived in secret and put into execution in crooked, devious, and unlawful ways. Appellees could not prove the secret agreement among appellants, but the unlawful agreement would be presumed from unlawful acts committed together by the appellants acting with a common intent. The fourteenth and fifteenth propositions are overruled.

The sixteenth, seventeenth, and nineteenth propositions are too general and uncertain to be considered. They are mere abstractions.

The eighteenth proposition is overruled. The court was not called upon to limit the exemplary damages, and appellants failed to ask such a charge. A failure to give the charge did not injure appellants for the reason that the jury did not allow as exemplary damages double the sum of the actual damages. Article 4004, Revised Statutes of Texas. The jury are authorized in cases of fraud, like this, to find for exemplary damages any sum not to exceed double the amount of actual damages suffered. This statute also fully answers the contentions in the twentieth proposition, that when a jury has found for all actual damages they cannot assess exemplary damages.

The twenty-first proposition is overruled. The facts were ample to demonstrate that the three appellants created the firm of Woods & Gunnell as an agency of fraud and deception, for the purpose of fleecing the simple lambs which might be caught in their nets; that they acted together, that they shared the spoils taken from the public, and in this case from their credulous Missouri neighbors; and that they perpetrated a fraud and obtained money by their fraud. They have given nothing for the thousands placed in their hands by their dupes and are now struggling to hold their ill-gotten plunder through a plea that appellees failed to prove their secret agreements disclosed by their open acts of misrepresentation and fraud, and through the statute of limitations. If they could have desisted from their scheme of falsehood and deceit when their fraud had been discovered by appellees, they might have a better right to claim limitations, but their "refuge of lies" was destroyed and the overflowing waters of truth encompassed the hiding places.

It may have been unbusinesslike, it may have been childlike faith and trust upon the part of appellees to have been influenced by appellants without an investigation, but the failure to investigate does not deprive them of the right to appear in a court to expose the conspiracy of fraud and deceit through which they were deprived of their money, and to recover their actual damages as well as exemplary damages, as a punishment to the perpetrators of the fraud and deception. Wright v. U. S. Mortgage Co. (Tex. Civ. App.) 42 S. W. 789; Ford v. Sims (Tex. Civ. App.) 190 S. W. 1165; Moore v. Beakley (Tex. Com. App.) 215 S. W. 957.

The judgment is affirmed.