BAKER v. MOODY et al.

No. 14151.

United States Court of Appeals
Fifth Circuit.

May 29, 1953.
Petitions for Rehearing and Clarification
of Judgment Denied July 29, 1953.

See also, 204 F.2d 918.

Morris I. Jaffe, Corenbleth, Thuss & Jaffe, Dallas, Tex., for appellant.

Harold B. Sanders, Dallas, Tex., for appellee George Myer.

Clifford S. Dillard and Lee Shipp, Dallas, Tex., for appellee Ben E. Moody, Sr.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for moneys advanced for and claimed to be due by the defendants under a contract for the development of a block of leases in Young County, Texas, and for the establishment and foreclosure of a lien against the interest of each defendant therein.

The claim was that, under the terms of a contract[1] between plaintiff and the two defendants for the development of the block, requiring each of the parties to it to advance and pay his pro rata of the cost for all wells after the second, each defendant had become liable to pay plaintiff the sum sued for, and that, as plaintiff had not, as was provided in the contract he should, recovered the full costs advanced by him, defendants were not at this time entitled to an assignment but would be entitled to it only when all of such costs had been recovered.

Each defendant, admitting that he had an interest in the leases and that, as claimed by him, plaintiff had advanced moneys, the precise amount not being known to defendants, defended on these grounds: (1) that, under the contract as written and as interpreted by the parties, the defendants were not required to advance any part of the sums expended by plaintiff for development but as to each defendant his inter-

---

1. As pertinent here, Par. IV of the contract, after making provision for the drilling and completion of two wells, the sums necessary therefor to be advanced by plaintiff and recovered by him from the proceeds of such wells and subsequent wells, provides:

"As to subsequent wells the parties will advance and pay their pro rata part of the drilling, completion, equipment and operation costs and all other costs, and at such time as the producing unit becomes bankable, the parties will negotiate a loan on the producing unit out of which Nonoperator shall be repaid said costs of drilling, completion, equipment, development and operation and all other costs advanced by him. Nonoperator shall have the option of making said production loan, if he so desires."

est would be paid for from production, the plaintiff to make all the advances and to obtain the return thereof from the proceeds of the wells; (2) that he had not been furnished with a proper accounting, and he, therefore, put plaintiff upon his proofs as to the amount advanced; and (3) that plaintiff is not entitled to a judgment for any sum since plaintiff has not tendered or offered to tender the defendants an assignment of his interest under the terms of the contract providing that upon completion of the test well as a producer and upon plaintiff's being repaid his total costs expended on the block, he should execute an assignment to the defendants of an undivided 20 percent interest, "subject to the terms of the contract".

Each defendant, by way of offset or cross action, sought to recover of plaintiff sums claimed to have been expended by him for plaintiff's benefit and upon his authority.

Upon the issues thus joined, the cause was tried to the Court without a jury, there was a brief oral opinion and a judgment awarding plaintiff a recovery against each defendant for the amount sued for less as to Moody a credit of $4156 and as to Myer of $889.03, and directing plaintiff to execute and deliver to each defendant, upon the payment of the amount awarded to him, an assignment of a ten percent interest in all the wells but the first two, and, upon the recovery of all his costs as to the first two wells, an assignment of a ten percent interest therein.

From the provisions of the judgment, (1) directing plaintiff, upon payment by each defendant of the sum adjudged, to execute assignments, and (2) allowing defendant Moody an offset of $4153.07, plaintiff has appealed.

Here appellant insists that, in directing him to execute an assignment before his costs were fully recovered, the judgment went directly counter not only to the provisions of the contract for an assignment,[2] but to the undisputed testimony of all the parties as to their understanding and construction thereof, and that the finding and judgment allowing Moody an offset against plaintiff's recovery is clearly erroneous, indeed is not supported by substantial evidence.

The appellees, on their part, invoke the provision of the contract set out in note 2, and the further provisions thereof, that "at such time as the producing unit becomes bankable, the parties will negotiate a loan on the producing unit out of which Nonoperator (plaintiff) shall be repaid said costs of drilling, completion, equipment, development and operation and all other costs advanced by him. Nonoperator (plaintiff) shall have the option of making said production loan if he so desires."

Relying upon these provisions and upon the testimony that the plaintiff had declined to make said loan, and, without asking any contribution from them, had gone ahead with his advances, the defendants insist: that, taking the contract as a whole it is plain that it was never intended that defendants should put up any money out of their own pockets in connection with the development; that the plan and scheme of the whole thing was that the plaintiff should advance all the necessary funds and should look for their return, not to the personal obligation of defendants but to a charge on the proceeds of the wells; and that it is to act inconsistently with the whole tenor and purpose of the contract to require the defendants to pay a pro rata portion of the

2. As material here, Par. IV in effect provides that after a test well is drilled and completed as a producer, at plaintiff's expense, plaintiff will receive the full leasehold proceeds from sales to the pipe line from such test well and any other wells on the producing unit until all costs of exploratory work and leasing the block and all costs of drilling and equipping the test well and such other well or wells paid for by plaintiff thereon have been recovered by him. It further pro-

vides "upon completion of the test well as a producer and upon Nonoperator (plaintiff) being repaid his total cost expended on the block, he shall execute an assignment to Ben E. Moody, Sr. and George M. Myer of an undivided 20 per cent of that portion of the leasehold estate originally owned by or assigned to Nonoperator (plaintiff) in the producing unit, subject to the terms of this contract."

costs and at the same time deny them the assignment provided for by the contract.

As to the offset allowed Moody, it is his claim that, though he did plead that the work was done under the authority of Johnson as an authorized agent of plaintiff and failed to prove that fact alleged, he did prove that by arrangements with the Warren Petroleum Company, which was acting for defendant in the development and operation of the properties, he was authorized to incur and charge to plaintiff the seismograph expenses claimed.

We agree with plaintiff that the contract condition, that defendants should receive their assignment after plaintiff had received the return of his costs in full, has not been complied with and that defendants are not and will not be entitled to an assignment until it has been.

We agree with plaintiff, too, that the proof of the defendant Moody that plaintiff authorized the seismograph expenses sued for or otherwise became liable for them, is insufficient to support the finding and judgment that he did. There is uncontradicted proof, indeed Moody admits, that he and plaintiff had fixed a limit upon the seismograph expenses to be incurred by Moody of $60,000, and that plaintiff had not only paid Moody that sum but $3000 more on the ground that, though not contracted for, they had been incurred by Moody.

If, then, plaintiff is compelled to pay the $4100 claimed, he will have paid nearly $8000 in excess of his agreement. In addition to this, there is no proof that the expenses were authorized as pleaded, none that Anderson, under whose orders and authority defendant Moody claims the expenses were incurred, was authorized or requested by plaintiff to order them or that plaintiff had in any other way made himself liable therefor.

Returning to the primary question in the case, the attack upon the judgment because it directed plaintiff to assign an interest to the defendants upon payment of the amounts adjudged and thus would permit them to receive proceeds from the production on the property, before plaintiff had been fully repaid, we think it perfectly plain from the contract itself and the testimony of the parties as to their understanding of it, that the primary consideration, the dominating provision of the contract for the development was that plaintiff should have the right to look to the proceeds from the block for his payment without diminution or impairment thereof until he had obtained his full cost back.

In the face of these clear provisions and their understanding of them, it does not lie in the mouths of the defendants to claim, that requiring them to pay what they had agreed to pay will work an injustice upon them. The amounts they pay will be credited on the costs and to the extent of that credit, their equity in the property will be increased and their right to begin to share in the proceeds will be by that much hastened.

The judgment appealed from will, therefore, be reformed by striking from it the provision for an assignment of interest upon payment of the sums adjudged, and the provision for a credit to Moody, and by making the judgment provide as to all of the wells what it already provides as to the first two wells, that plaintiff shall execute an assignment to each defendant of a ten percent interest when plaintiff shall have received his full costs from the development and operation of the block, and, as reformed, it will be affirmed.

Reformed and affirmed.