S. R. BAKER,

v.

Ben E. MOODY, Sr., and George Myer.

No. 15074.

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1955.

Rehearing Denied April 19, 1955.

Morris I. Jaffe, Corenbleth & Jaffe, Dallas, Tex., for appellant.

Clifford S. Dillard and Harold B. Sanders, Dallas, Tex., for appellees.

Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellant, plaintiff below, prosecutes this appeal from a jury verdict and judgment in favor of defendants, appellees, and complains mainly of charges given and requests denied by the trial judge. The action was for alleged damages both actual and exemplary and charged that appellees knowingly and fraudulently misrepresented to him conditions with respect to tests and showings for the production of oil at three separate locations, upon the faith of which he made certain investments. He further alleged that he was an accountant by profession, inexperienced in the oil business; that defendants falsely represented a well they were drilling (South Park) would produce 200 barrels in the Marble Falls stratum, at a time when said stratum had not been reached; that another well (Hilburn) was making 72 barrels a day when in reality they knew it was making only 7 barrels; that defendants sent plaintiff a mass of "come on" literature as to how easy it was to make money in the oil business, and on the basis of these fraudulent representations of defendants, he had furnished large sums of money for prosecution of these undertakings. His demand for the sum of $173,000, loss of investment and exemplary damages.

Defendants replied that they had a contract with plaintiff in which it was agreed that they and he would develop certain leases in the hope of finding oil, they to furnish machinery and do the drilling, as against the money which plaintiff supplied; that plaintiff had had experience in such operations in Kansas; that the expressions made by them were only hopes and opinions which they thought were sound at the time, and plaintiff having joined in the risk of loss or gain could not recover.

Appellant complains that the court erred: (1) in charging that knowledge of the falsity of the representations is a prerequisite to the finding of fraud and in refusing certain requested charges by plaintiff offered in lieu of what was given; (2) in charging that fraud is never presumed but that the presumption is in favor of fairness, thereby failing to take into consideration the confidential nature of relations between the parties, and refusing to give the requested charges as to this relationship as disclosed by the evidence; (3) in charging that expressions of hopes or beliefs could not support an allegation of fraud, and in failing to charge as requested that such representations can be the basis for recovery, if fraudulently made

as to presently existing facts; (4) in charging that the statement as to the number of barrels of oil a well would make is merely an opinion and cannot be the basis of fraud, and failing to take into consideration that the false statements were made as to presently existing facts, coupled with the representation that wells being drilled were in "proven territory"; (5) in charging that a suit for damages by one partner could not in equity be sustained without at the same time allowing recovery by defendants of what they had put into the venture, which was confusing to the jury, and implied that defendants would have to recover if plaintiff did; (6) in charging as a fact that appellant was not a novice in the oil business, coupled with the further statement by the court that one of the defendants had been in the military service and had put in his "little earnings", which was inflammatory and highly prejudicial; (7) in refusing to charge that the maker of false representations cannot rely on any duty of the other party to inquire or investigate said representations; and (8) in refusing to grant a motion for new trial, because the court failed to advise plaintiff's counsel as to the action it would take on his requested charges before argument.

Appellee contends: (1) that plaintiff's case was based upon statements allegedly knowingly made, and that the court's charge conformed to that theory, of which he cannot complain; (2) that the charge that fraud is never presumed and the burden rested upon plaintiff to prove it was correct; (3) the evidence showed clearly that plaintiff had had wide experience, was familiar with the oil business, and the court was justified in bringing this to the attention of the jury and refusing his special requests as to the confidential relations of the parties; (4) that plaintiff made no request for a ruling upon his proposed charges before the argument; (5) that the contract between the parties covered all transactions with respect to all the leases be-

ing developed, and since plaintiff had sued on that contract as to leases other than those involved here and recovered judgment thereon, Baker v. Moody, 5 Cir., 204 F.2d 916, he is estopped to maintain an inconsistent cause of action based upon fraud.

The question of whether or not the representations were knowingly false and were relied upon involved matters of fact for the jury and the case turns upon whether the court erred in his charges as to the law actually given and in refusing those requested by appellant.

■ Taking the situation up in reverse order to its presentation, it is sufficient to say that the former case by the same parties, 204 F.2d 916, involved other properties in another county (Young) which, although affected by the contract, raised none of the issues stated above as to fraud.

The action now under consideration was tried to a jury and the court refused to direct a verdict for defendants but the jury found in their favor.

Appellant numbers his points of error from 1 to 12, but we find it necessary to consider only the following:

### Points 1 and 7.

■ The court in its general charge instructed the jury:

"I charge you, Gentlemen, that the party who made, or, was connected with the making of a false representation, and, it was as to a material fact, and, was false when made, and, *he knew it to be false,* and, if the representation was made with the intent to induce plaintiff to do some act, which the plaintiff did, and, if the plaintiff relied upon the representation, and, acted in relation thereto, and, suffered a loss thereby, the maker of such representation would be guilty of fraud.

"If the defendants, or, either of them, made a false representation of a material fact, as a fact, *and knew at that time that it was not a fact,*

instead of an opinion, he would be guilty of fraud." (Emphasis supplied.)

Appellant argues in effect that if either defendants made representations as to a particular state of facts which were actually untrue, without investigation as to their correctness, knowing Baker relied and acted thereon to his loss, the effect would be the same as if such statements were known to be untrue and willfully made by the maker.

This charge had to do with the alleged representation that there were indications the South Park well would make 200 barrels per day from the Marble Falls stratum, at a time when that stratum had not been reached, as well as to the statement the Hilburn well was producing 72 barrels per day when to the knowledge of one or both defendants it was producing only 7 barrels per day. There was also evidence tending to show that this situation was known to Moody for several months before the statement was made by Myer to plaintiff and the latter claimed that he was surprised when it was revealed.

■ Appellant cites among other authorities Texas Jurisprudence, Vol. 20, pages 17–19, 140, 149, along with decisions of the Texas courts, from one of which, Bondies v. Glenn, Tex.Civ.App., 119 S.W.2d 1095, 1098, writ denied by the Supreme Court of Texas, we quote as follows:

"A good statement of the elements of actionable fraud, recognized by the courts of our state, with one exception to be noted, is: '(1) A representation. (2) Its falsity. (3) Materiality. (4) The speaker's knowledge of its falsity, *or ignorance of its truth*. (5) His intention that it should be acted upon by the person and in the manner reasonably contemplated. (6) The hearer's ignorance of its falsity. (7) His reliance on its truth. (8) His right to rely thereon. (9) And his consequent and proximate injury.' 26 C.J. 1062, sec. 6. According to decisions of Texas courts, the fourth element— 'The speaker's knowledge of its falsity, *or ignorance* of its truth'— is under most circumstances not regarded as essential. 20 Tex.Jur. 19, sec. 8; Id. 42 sec. 23." (Emphasis supplied.)

In an action for actual damages, it is not necessary that the maker know his representations are false, if they actually be such, but his liability is restricted to the monetary loss. On the other hand, to recover exemplary damages, representations must not only be false but willfully made, with full knowledge of their falsity and the intent of the maker that the other party should act thereon, and that the latter was thereby injured. In a suit for both actual and exemplary damages the plaintiff may recover either or both, dependent upon the circumstances proven as a whole and the judgment of the jury. See also Stroud v. Pechacek, Tex.Civ.App., 120 S.W.2d 626, writ denied, and Passero v. Loew, Tex.Civ.App., 259 S.W.2d 909.

### Points 2 and 8.

■ These alleged errors dealt with the question of plaintiff's familiarity with the oil business and, of course, were matters for the jury since there were conflicts.

The court therefore should not have charged as a fact that plaintiff was an experienced oil operator, without at the same time telling the jury that this was a question of fact which they should decide. See Rodgers v. Tracy, Tex.Civ. App., 242 S.W.2d 900, writ denied.

### Points 3 and 9.

■ These involve the question of statements made which are on the border line between facts and opinions. Of course, if it were clear that they were mere expressions of hope or opinion, such as "I believe", "I feel", or "I hope" that a certain lease will be a producer, it would be manifest that such statements were neither promises nor assertions of fact; but, if in connection with those expressions, false statements

were made as to facts upon which they were based, reasonably calculated to induce the person to whom made to rely thereon, then actionable fraud could arise and the jury's judgment of the weight and credibility of the evidence would control. See Riedel v. C. R. Miller Mfg. Co., Tex.Civ.App., 18 S.W.2d 264; Kazmeir v. King, Tex.Civ.App., 131 S.W. 2d 162; J. S. Curtiss & Co., Inc., v. White, Tex.Civ.App., 90 S.W.2d 1095.

### Points 4 and 10.

■ In its brief charge the court told the jury:

"I further instruct you that a statement as to how many barrels of oil a well will, or, will not make, is not a statement of presently existing facts, or, a promise of anything to happen in the future, but, is merely an opinion, and, not the basis of fraud."

Here, again, the charge was incomplete in that the court failed to tell the jury that they should consider all the circumstances and decide from the evidence as a whole whether the statements were material; whether they were false and defendants intended plaintiff should act thereon, and finally whether he did so act to his prejudice.

### Points 5 and 6.

■ In the course of its general charge the court had this to say:

"Now, I charge you, Gentlemen, that a suit for damages by one of the partners, we will say, in this joint venture, could not, in equity, be sustained without also letting the others have that which they put in because of their mistake, if, in truth, it was a mistake, and, not actual misrepresentation."

This charge was very confusing and this court is itself unable to say just what was meant. However, the implication was that plaintiff could not recover without the defendants' recouping the amounts which they had invested in the enterprise.

■ It was likewise wrong for the court to tell the jury as an undisputed fact that one of the defendants had put his "earnings" from the "armed services" and "the other (defendant)" his time and some money into "this joint venture" for the reason that such statements were calculated to create a bias in favor of both defendants. Nor should it have made the following statement without again explaining to the jury that it was for them to decide the facts thus stated upon a fair preponderance of the evidence, to wit:

"After that it developed that each of them had an oil experience. They were not novices at all. The plaintiff had experience in Kansas."

In conclusion, the following is an expression of the views of the Texas courts in dealing with a situation of this kind, taken from Hawthorne v. Walton, Tex. Civ.App., 30 S.W.2d 397, 399, writ denied:

"It may have been unbusinesslike, it may have been childlike faith and trust upon the part of appellees to have been influenced by appellants without an investigation, but the failure to investigate does not deprive them of the right to appear in a court to expose the conspiracy of fraud and deceit through which they were deprived of their money, and to recover their actual damages as well as exemplary damages, as a punishment to the perpetrators of the fraud and deception." (Citing cases.)

For the reasons stated, the verdict and judgment are set aside and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.