H. H. BRISCOE, Appellant,

v.

LAMINACK TIRE SERVICE, INC., Appellee.

No. 8431.

Court of Civil Appeals of Texas, Texarkana.

Feb. 1, 1977.

Rehearing Denied Feb. 22, 1977.

**696**

Burns Parum, Grand Prairie, for appellant.

Fred S. Abney, Abney, Conner & Mills, Dallas, for appellee.

CHADICK, Chief Justice.

The appellant, J. H. Briscoe, one of the three defendants below, has perfected an appeal from a judgment that awarded Laminack Tire Service, Inc., the plaintiff below, a joint and several recovery of actual damages together with $20,000.00 exemplary damages from Briscoe and his two co-defendants.

The single point of error briefed is concerned with the award of exemplary damages. It is as follows:

"THE TRIAL COURT ERRED IN AWARDING EXEMPLARY DAMAGES TO THE APPELLEE BECAUSE THERE WAS NO EVIDENCE TO SUPPORT A FINDING THAT THE APPELLANT ACTED WILFULLY OR INTENTIONALLY TO INJURE THE APPELLEE."

The point, and argument under it, submits as the issue in the appeal whether or not there is an absence of evidence to support a finding that Briscoe acted wilfully or intentionally to injure Laminack Tire Service, Inc.

Appellant, J. H. Briscoe, was President of AGRI-PET, INC. a defendant below, which engaged in the business of selling fuel and tires at wholesale. In early March 1974, Jerry Bristol, an employee of AGRI-PET, INC. and the third defendant below, received an inquiry from Bobby E. Laminack, President of Laminack Tire Service, Inc., relative to acquisition of 2,800 automobile tires that were understood to be available as a result of confiscation by the sheriff of Rockwall County, Texas. As a follow-up to the inquiry and discussions with Laminack, Bristol and Briscoe appeared at the Laminack Tire Service, Inc. place of business with a written AGRI-PET, INC. invoice made out to Laminack Tire Service, Inc. for the 2,800 tires. In the invoice the tires were described, priced and sizes and quality guaranteed together with a specified date of delivery. At that time Briscoe stated to Laminack that the tires were in a warehouse in Rockwall County in the custody of the sheriff of the county. Briscoe said, also, that he had arranged to buy the tires on or before April 2, 1974, and that it would be a cash transaction. To make the purchase, Briscoe informed Laminack $48,020.00 cash would be needed. Laminack paid him that amount and received the tendered invoice for the tires.

The foregoing facts are uncontroverted. With respect to other evidence in the record, it suffices to say that the purchase transaction by which Briscoe was to obtain the tires was not consummated. Briscoe claimed that he failed to obtain the tires because he was the victim of a confidence scheme, in slang terms a "con game," in which he paid out $25,000.00 of the money paid him by Laminack to an unknown bogus deputy sheriff and that the tires Briscoe sold to Laminack were not in the custody of the sheriff and not in a warehouse in Rockwall County, as no such tires existed.

The trial judge found from the evidence that Briscoe and his co-defendants represented to Laminack the following: That on the date of the transaction between them, March 30, 1974, the 2,800 tires were then in storage in a warehouse in Rockwall County; that Briscoe had at that time a firm and established arrangement whereby he was entitled to purchase and have delivery of the tires on or before April 2, 1974; that the representations so made were false. The other elements of legal fraud were also found and in addition it was found that Briscoe and his co-defendants, jointly and severally, acted with reckless disregard of the plaintiff's rights and interests; and that the sum of $20,000.00 was a reasonable and proper amount to award as exemplary damages.

The trial court did not make a finding as a basis for awarding exemplary

damages in the words of the point of error, that is, that Briscoe "acted wilfully or intentionally to injure." However, the conclusion is reached that the finding made, that Briscoe "acted with reckless disregard for the rights and interests" of Laminack Tire Service, Inc., is equivalent to a finding of wilful and intentional action. See *LaCerra v. Woodrich,* 321 Ill.App. 107, 52 N.E.2d 461 (1943); *Hull v. Seaboard Air Line Ry.,* 76 S.C. 278, 57 S.E. 28 (1907); 36 Words and Phrases 785 (1962); 17 Tex. Jur.2d, Damages, Sec. 178. In the *Hull* case, it is said:

> "Each of the words, 'wantonness,' 'wilfulness,' and 'recklessness,' embodies the element of malice, either express or implied, and are in law substantially the equivalent of each other, in so far as they give rise to . . . punitive damages."

The point sufficiently directs attention to the error claimed. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943). See also *Sias v. Berly,* 245 S.W.2d 503, 516 (Tex. Civ.App. Beaumont 1950), rev'd on other grounds, 152 Tex. 176, 255 S.W.2d 505 (1953).

■ The trial judge, as trier of facts, was empowered to disregard any part of Briscoe's testimony that he found not worthy of belief. 1 McCormick & Ray, Texas Law of Evidence, Sec. 3. He was authorized to, and apparently did, regard Briscoe's "con game" explanation as fictitious and not worthy of belief. However, disbelief of all or part of Briscoe's testimony is not sufficient to establish facts antithetical to those he testified to. Disbelief of testimony given by Briscoe affords no basis for finding the antithesis or converse of the discredited testimony in the absence of other evidence tending to prove the antithetical fact.

There is evidence that Briscoe represented the tires were in a warehouse in Rockwall. Briscoe was the only witness to testify that there were no tires so stored. His testimony in self justification tended to show existence of the tires was a fiction that he discovered several days after he made the deal with Laminack. The court

was warranted in finding, as it did, that such representation was made by Briscoe to Laminack and that it was false. But there is no testimony from Briscoe or other evidence in the record that at the time Briscoe made the representation on March 30, 1974, he knew the tires were not in a warehouse in Rockwall or that he wilfully made the representation with full knowledge of its falsity and with the intent that Laminack should act upon the representation Briscoe then knew to be false. Likewise, there is evidence that Briscoe represented that he had a firm and established arrangement entitling him to purchase the tires, but there is no evidence that at the time the representation was made he knew it to be false, etc.

■ An indispensable element of proof in an action to recover exemplary damages, in a factual situation such as this, is evidence that the party making the false representation knew it to be false and with knowledge of its falsity intended to cause the party to whom it was made to act upon and be injured by it. *Baker v. Moody,* 219 F.2d 368 (5th Cir. 1955); *Mason v. Peterson,* 250 S.W. 142 (Tex.Com.App.1923, opinion adopted); *Wilson v. Jones,* 45 S.W.2d 572 (Tex.Com. App.1932, holding approved); *Stroud v. Pechacek,* 120 S.W.2d 626 (Tex.Civ.App. Austin 1938, no writ); *Morgan v. Arnold,* 441 S.W.2d 897 (Tex.Civ.App. Dallas 1969, writ ref'd n.r.e.). Though adherence to this rule is not clearly discernible in many cases, nothing said in *Dennis v. Dial Finance & Thrift Company,* 401 S.W.2d 803 (Tex.1966), is in derogation of the rule and the few cases in which it may not appear to have been followed are not considered authoritative or persuasive.

■ As indicated, the record contains no evidence, except the testimony of Briscoe, showing the two representations discussed were false. He maintained that he was misled at the time he made the misrepresentation by statements and information given him by a bogus deputy sheriff. There is no evidence that Briscoe had ascertained or thought that the information given him by the spurious deputy was false

at the time of his transaction with Laminack.

Appellant's point of error number one is sustained and the judgment of the trial court insofar as it awards exemplary damages is reversed and judgment rendered that Laminack Tire Service, Inc. take nothing by way of exemplary damages. The judgment below is modified to eliminate the exemplary damage recovery and as modified is affirmed with costs adjudged against Laminack Tire Service, Inc.