**Gene BARTH, Appellant,**

v.

**Lloyd D. MUIR, Appellee.**

**No. 6788.**

Court of Civil Appeals of Texas,
El Paso.

April 30, 1980.

OPINION

WARD, Justice.

This is a suit to recover damages for fraudulently inducing the Plaintiff to enter a contract to build him a swimming pool. Based on the jury's answers to special issues, all favorable to the Plaintiff, judgment was entered awarding the Plaintiff actual and exemplary damages. Upon the record as presented, we modify and affirm the judgment.

In July, 1976, the Plaintiff, Lloyd Muir, entered into a contract with American Pools, Inc. to build a swimming pool at his home. All negotiations concerning the pool were made between the Plaintiff and the Defendant, Gene Barth, who was a salesman for American Pools, Inc. The Plaintiff claimed that he was caused to enter into the contract only because of certain false and fraudulent statements made to him by Barth to the effect that Barth was the owner of American Pools, Inc., that he was the responsible party, that he had built pools all over town, and that he would keep a close check on the work to see that it was done right. Plaintiff paid the sum of $6,600.00 to Barth and the company on the contract, but the pool was never completed, the company going bankrupt and Barth never appearing on the job. The pool was then completed by another company after the Plaintiff incurred additional expense. The Plaintiff brought suit against Barth, claiming he entered into the contract because of the fraudulent representations made to him by Barth and that he was entitled to recover all of his damages.

By its answers to the seven special issues submitted, the jury found: (1) that the Defendant Barth made fraudulent statements to the Plaintiff concerning his ownership or control of American Pools, Inc.; (2) that the Defendant made such fraudulent statements for the purpose of inducing the Plaintiff to enter into a pool construction agreement; (3) that the statements were of a material nature to the transac-

Herbert Ehrlich, El Paso, for appellant.

Herbert E. Marsh, Jr., El Paso, for appellee.

tion; (4) that the Plaintiff relied on the statements as made by the Defendant; (5) that the sum of $8,536.20 would reasonably compensate the Plaintiff for his losses; (6) that the statements were willfully made by the Defendant; and (7) that $5,000.00 would represent a reasonable amount of exemplary damages to be assessed against the Defendant. Based upon the issues, judgment was entered in favor of the Plaintiff against the Defendant in the sum of $13,536.20.

■ We note at this point that the elements of a fraudulent action are generally stated as follows: (1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. *Stone v. Lawyers Title Insurance Corporation*, 554 S.W.2d 183 (Tex.1977); *Oilwell Division, United States Steel Corporation v. Fryer*, 493 S.W.2d 487 (Tex.1973).

The first complaint made by the Defendant is a general one that he was entitled to a directed verdict as the elements of fraud were not established or proven. This is followed by a series of four "no evidence" points that attack the basis for the respective jury findings as to (1) the fraudulent statement by the Defendant as to his ownership or control of American Pools, Inc.; (2) that the statements were made to induce the Plaintiff to enter a pool construction contract; (3) that the statements were of a material nature as to the transaction; and (4) that the Plaintiff relied on the statement. With these "legal insufficiency" points, we will consider only the evidence and inferences which support the finding, and reject the evidence and inferences contrary to the finding. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.1974).

■ The Defendant's principal argument under his first five points is to the effect that the Plaintiff was referred to the De-

fendant because of a friend's recommendation, and that the contract was made only after the Plaintiff had secured and compared several bids. The problem facing the Defendant is that only the two parties testified as to the transaction. The Plaintiff's version was that the representations were made, that he believed them and relied on them, and but for the statements would not have entered the contract. The Defendant denied making these statements, claimed that he was merely a commission salesman, and stated that he left the company soon after the contract was entered into. Contrary to the claimed representation that the Defendant would closely oversee the job construction, the Defendant admitted that he was never out at the pool site after construction was begun. If the statements were made, they were obviously false as the Defendant did not own the construction company, and had never had any actual experience in building pools. The jury chose to accept the Plaintiff's version. We hold the elements were established by legally sufficient evidence. The first five points are overruled.

After Special Issue No. 5 regarding actual damages was placed in the charge, the trial Court then conditionally submitted Special Issue No. 6 asking if the statements were willfully made by the Defendant. As placed in the charge, the affirmative answer made to the issue by the jury became the basis for the submission of the exemplary damage issue and the subsequent award of those damages in the amount of $5,000.00. Issue No. 6 is the subject of a "no evidence" point, and the Defendant's argument thereunder includes the contention that "willfully" was used in the charge in the sense that it inquired of the jury if the Defendant intended by his misrepresentation not only to cause the Plaintiff to act upon the representation, but to be injured by it. The Plaintiff agrees that this was the purpose of the submission, and we will make our examination of the evidence to see if it was of the caliber as to call for the imposition of exemplary damages. We recognize that "willful" is but part of the

**732**

definition of malice. However, in this case the submission was made without proper objection, and there is authority to consider it as some basis for the award of exemplary damages. In *Baker v. Moody*, 219 F.2d 368 (5th Cir. 1955), the Court stated:

> In an action for actual damages, it is not necessary that the maker know his representations are false, if they actually be such, but his liability is restricted to the monetary loss. On the other hand, to recover exemplary damages, representations must not only be false but willfully made, with full knowledge of their falsity and the intent of the maker that the other party should act thereon, and that the latter was thereby injured.

In *Briscoe v. Laminack Tire Service, Inc.*, 546 S.W.2d 695 (Tex.Civ.App.—Texarkana 1977, writ ref'd n. r. e.), the Court stated that "[a]n indispensable element of proof in an action to recover exemplary damages, . . . is evidence that the party making the false representation knew it to be false and with knowledge of its falsity intended to cause the party to whom it was made to act upon it and be injured by it." Thus, it has repeatedly been emphasized that the award of exemplary damages depends upon proof that the fraud was intentionally committed for the purpose of injuring the plaintiff. *Livingston v. Gage*, 581 S.W.2d 187 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.); *Woo v. Great Southwestern Acceptance Corporation*, 565 S.W.2d 290 (Tex.Civ.App.—Waco 1978, writ ref'd n. r. e.).

In the case before us, the Plaintiff entered the construction contract because of the fraud of the Defendant; however, the evidence is to the effect that American Pools, Inc. had entered other pool contracts and most of them were completed. There is an absence of any evidence that the Defendant intended to injure the Plaintiff at the time the contract was signed. We therefore hold that there was no evidence to support the jury finding that the statement was willfully made in the sense that the Defendant intended to harm the Plaintiff by making the statement, and we sustain the Defendant's sixth point. See *Briscoe v. Laminack Tire Service, Inc.*, supra.

The Defendant next presents a series of five points attacking the findings previously discussed in language which asserts that the trial Court erred in submitting the respective issue as the finding was against the overwhelming weight and preponderance of the evidence. The form of each point leaves something to be desired as the "factual sufficiency" complaint cannot be addressed to the error of the Court in the submission of an issue. However, since the argument under each point is addressed to the factual insufficiency of the evidence, each point will be considered. In doing this, the whole record is examined to see if there is evidence to support the jury's answer to each issue. Without repeating the evidence, but after having examined all of the evidence, each respective insufficient point is overruled.

Point of Error Number Twelve is to the effect that the trial Court erred in submitting Special Issue No. 1 since it constituted an impermissible comment on the weight and credibility of the evidence, and it assumed vital and material controverted facts. We have examined the Defendant's objections to this portion of the Court's charge, and at best the objections are confusing and present no error. The point is overruled.

The balance of the Defendant's points attack the trial Court for having failed to submit certain elements of the cause of action for fraud. Again, the objections made were defective to preserve the error now claimed. The points are overruled.

Since we have sustained the sixth point of error, which also contains the argument that the trial Court erred in awarding exemplary damages, the judgment of the trial Court insofar as it did award exemplary damages is reversed, and judgment rendered that Lloyd Muir take nothing by way of exemplary damages. The judgment below is modified to eliminate the exemplary damages and as modified is affirmed in all other respects.