[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 121)
This motion to strike attacks two counts of a multicount action involving the tragic death of a firefighter. Although the subject matter of the case is an extremely grave one, the issues involved in this motion can be answered rather briefly.
This case arises from the tragic and much publicized death of Edward Ramos, a volunteer firefighter with the Branford Fire Department, on November 28, 1996. Ramos was one of a number of fire fighters who responded to a fire at 43 School Ground Road (the "premises") on that date. Ramos entered the burning building on the premises and was killed as a result of the fire. CT Page 9574
Michael Ramos, the administrator of the estate of Edward Ramos, commenced this action against several defendants in 1997. His amended complaint contains four counts, but the present motion to strike attacks only the first and second counts. The first count is brought pursuant to Conn. Gen. Stat. § 7-308
against Peter Buonome ("Buonome"), in his capacity as Fire Chief of the Town of Branford (the "Town"), and the Town itself. It alleges that, prior to the fire, Buonome recklessly failed to promulgate, implement, and enforce a number of safety policies concerning fire fighters and that this failure "resulted in the creation of the conditions that led to [Ramos'] death." The second count, also brought pursuant to § 7-308, is against Buonome in his capacity as Fire Marshal of the Town. It alleges that, prior to the fire, Buonome recklessly failed to conduct annual inspections of the premises in violation of Conn. Gen. Stat. § 29-305, that this failure resulted in a failure to discover certain fire hazards on the premises, and that Ramos' death occurred as a result.
Buonome and the Town filed the present motion to strike on April 29, 1998. Their motion proceeds on three grounds. They first argue that the first and second counts should be stricken because the claims in those counts are barred by the Workers' Compensation Act. They next claim that both counts are barred by the doctrine of governmental immunity. They finally contend that the second count "should be stricken because Conn. Gen. Stat. § 29-305 does not provide for a private right of action against fire marshals and . . . the legislature has granted immunity to fire marshals in the performance of their official duties." The motion was heard on July 27, 1998. For the reasons set forth below, the motion must be denied.
Buonome and the Town first argue that the first and second counts are barred by the Workers' Compensation Act. Whatever the ultimate merits of this argument, the defendants' problem here is that this defense cannot be raised on a motion to strike, at least in the context of the pleadings at hand. Our Supreme Court has held that "a claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense." Grant v. Bassman, 221 Conn. 465, 472,604 A.2d 814 (1992). (Footnote omitted.) This claim "relies on facts outside those alleged in the complaint that operate to negate what once may have been a valid cause of action." Id. at 473. Under these circumstances, a motion to strike cannot be granted. The defendants should instead address their claim by way of a CT Page 9575 motion for summary judgment.
The defendants next claim that the first and second counts are barred by the doctrine of governmental immunity. This argument is unpersuasive. The first and second actions, as mentioned, are statutory actions brought pursuant to Conn. Gen. Stat. § 7-308. "Section 7-308 is an indemnification statute that, generally, requires a municipality to pay on behalf of any `paid or volunteer fireman' all sums that the fireman becomes obligated to pay as damages by reason of liability incurred while performing `fire duties.'" Rowe v. Godou, 209 Conn. 273, 276,550 A.2d 1073 (1988). The statute expressly waives governmental immunity and underlines this point by providing that, "Governmental immunity shall not be a defense in any action brought under this section." It is thus entirely clear that the defense of municipal immunity may not be asserted by the Town.
In terms of the actions against Buonome, both the first and second counts allege recklessness. It is well established that one of the recognized exceptions to the qualified immunity for discretionary acts enjoyed by public officials is "where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Purzycki v. Town of Fairfield,244 Conn. 101, 108, 708 A.2d 937 (1998). (Internal quotation marks omitted.) "Act or conduct in reckless disregard of the rights of others is improper or wrongful conduct and constitutes wanton misconduct." Bordonaro v. Senk, 109 Conn. 428, 431, 147 A. 136
(1929). The first and second counts, by virtue of their allegations of recklessness, are sufficient to come within the wantonness exception to qualified immunity. Because of this exception, the actions against Buonome, like the actions against the Town, are not barred by the defense of governmental immunity.
The defendants' third claim incorporates two related arguments. The defendants first claim that Conn. Gen. Stat. §29-305 does not provide for a private right of action against fire marshals. They then claim that the legislature has, in fact, granted immunity to fire marshals in the performance of their official duties by enacting Conn. Gen. Stat. § 29-298 (b). These arguments are unpersuasive.
Sec. 29-305 does not expressly provide a private cause of action. It is well established that the question of whether a private cause of action is implicit in a statute not expressly providing one is to be determined by reference to the criteria CT Page 9576 set forth in Cort v. Ash, 422 U.S. 66, 78 (1975). Napoletano v.CIGNA Healthcare of Connecticut. Inc., 238 Conn. 216, 249,680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106 (1997). "First, is the plaintiff of the class for whose . . . benefit the statute was enacted . . .? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?" Id.
The Cort v. Ash criteria can be quickly reviewed in this case. First, § 29-305 itself states that the inspections it mandates are to be conducted "in the interests of public safety." A person injured by a burning building made unsafe by its susceptibility to fire is plainly a member of the class for whose benefit the statute was enacted. Second, the available legislative history of § 29-305 is silent on the question of legislative intent. (The statute was originally enacted in 1941, prior to the official transcription of legislative debates. See
Conn. Gen Stat. § 366f (1941 Supp. )) Third, providing a cause of action to the plaintiff is consistent with the underlying purpose of § 29-305 to assure public safety.
In addition, as Napoletano observes, "where the legislature wishes to limit enforcement of a statute to an administrative body, it has expressly done so." 238 Conn. at 251. The legislature has not done so here.
At least with respect to the allegation of recklessness here, this analysis is confirmed by § 29-298(b), a provision relied upon by the defendants themselves. Sec. 29-298 (b) provides that, "Any officer of a local fire marshal's office, if acting without malice and in good faith, shall be free from all liability for any action or omission in the performance of his official duties." As mentioned, the second count of the plaintiff's complaint alleges recklessness. A person acting recklessly does not act "without malice and in good faith." "Malice in law is not necessarily personal hate or ill will, but it is that state of mind which is reckless of law and of the legal rights of the citizen." Black's Law Dictionary 956-57 (6th ed. 1990). See Hull v. Seaboard Air Line Ry.,57 S.E. 28, 28 (S.C. 1907). The legislature, in phrasing § 29-298
(b) as it did, has provided that fire marshals are not free from liability for acts of recklessness. CT Page 9577
Sec 29-298(b) also provides immunity to fire marshals for damages resulting "from any action that is required or permitted in the discharge of his official duties." That provision is unhelpful to Buonome in the context of the second count because the central allegation of that count is that he did not perform an action required to discharge his official duties. Allegations of omission are properly analyzed under the "omission" provision of § 29-298 (b) previously quoted. That provision, as already explained, does not provide immunity for recklessness. Given this analysis, the second count of the amended complaint survives the motion to strike.
The motion to strike is denied in its entirety.
Jon C. Blue Judge of the Superior Court