No. 23,813.

THE WILLARD STATE BANK, *Appellant,* v. S. C. CLARK (et al.), *Appellee.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE — *Transferred Without Endorsement — Transferrer Entitled to Notice of Dishonor Same as Endorser.* Where the transferee of a negotiable note seeks to hold the payee and transferrer of the instrument as an endorser of it although he did not in fact endorse it, on the statutory ground that the transferee is entitled "to the right to have the endorsement of the transferrer," it is a statutory prerequisite to the perfection of the transferrer's liability as such endorser that presentment for payment must be made to the maker on the date when the note is due, and that prompt notice of its dishonor be given to the endorser; and a letter from the transferee to the transferrer written two months and eleven days after such maturity of the note, telling him of the maker's default, and asking whether the consideration for the note was returned to the maker, with a conditional request to remit, was not a notice in conformity with the statute, and the transferer is not liable.

2. SAME—*New Trial Properly Denied.* Matters presented on motion for a new trial considered, and held that no error in overruling such motion can be based thereon.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 10, 1922. Affirmed.

*W. A. S. Bird,* of Topeka, for the appellant.

*J. J. Schenck,* and *C. P. Schenck,* both of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action by a bank against the payee and endorser of a promissory note. Defendant's demurrer to the bank's evidence was sustained for the reasons given by the trial court—

"That the evidence fails to show that any notice was given to Clark [defendant] of the [maker's] failure to pay the note or demand made on the maker or notice to that effect given to Clark."

Defendant moves to dismiss this appeal because no transcript was made or filed in the district court. What purports to be an abstract is submitted by plaintiff and a transcript of some of the evidence has been furnished to this court. As we do not discern any difficulty in determining the controlling features of this appeal on their merits, the motion to dismiss will be denied.

It can be inferred from the record that in September, 1917, the defendant was the nominal president of the plaintiff bank, but this is denied, and there is no direct evidence on the point. It can also be inferred that he had retired from the presidency, as the record shows that he closed his account with the bank in January, 1918, several months before this note matured. He resided at Paxico, a few miles away, and the management of the bank was vested in the cashier. Defendant sold some mules and harness to two men, Adams and Lemon, at Maplehill. At the instance of defendant, the plaintiff's cashier sent blank notes and chattel mortgages to a man in Maplehill, and these were filled out and executed by Adams & Lemon, payable to S. C. Clark, the defendant. The notes were sent to the plaintiff bank and Clark was given credit therefor on his bank account. One of these notes is the subject of this lawsuit. The makers made default, and the bank brought this action against the makers and against Clark as endorser. Clark had not actually endorsed the note, but plaintiff contends that he is liable as such under the statute. (Negotiable Instruments Act, § 56, Gen. Stat. 1915, § 6576.) The defendant does not contest this point, but it is not a critical matter in this review. The main question is the propriety of the trial court's ruling on the demurrer to the evidence. The negotiable instruments act provides that as a condition precedent to fixing an endorser's liability, demand or presentment for payment must be made to the maker on the day when the note is due (Gen. Stat. 1915, §§ 6598, 6602) and if the note is dishonored the endorser must be promptly notified either personally or by mail (*Id.*, §§ 6631, 6632).

There was no evidence of conformity with these provisions except as narrated by the cashier. He testified:

"Prior to the time the note fell due I sent a notice to W. B. Adams and J. M. Lemon calling their attention to the note of $285.00, and interest would be due at The Willard State Bank on the 3rd day of September, 1918. . . . When the note was not paid I called Mr. Clark's attention to the non-payment of the note by letter."

The letter, dated November 14, 1918, in part reads:

"Mr. W. B. Adams whose note for $285.00 we purchased from you in September 1917, claims that he settled the note by returning the team of horses and work harness covered by the chattel mortgage which we hold. Advise us in regard to the matter as to whether Mr. Adams has stated the same correctly. You were given credit for the W. B. Adams' note of $285.00, and one for $285.00, made by Levi Adams, or a total of $570.00, on September 19, 1917. Levi Adams has paid his note. The principal and interest on the W. B.

Bank v. Clark.

Adams note amounts to $316.00 to date which we will ask you to remit if the security was returned to you as stated by Mr. Adams."

A notice to the makers before maturity, reminding them of the date when the note would fall due, is not a presentment for payment on the due date, so as to furnish a basis for the endorser's liability. Neither was the letter to the defendant endorser, two months and eleven days after the maker's default, a prompt notification to the endorser, such as is requisite to perfect the endorser's liability.

It is argued that the defendant was not entitled to notice of protest for nonpayment, on the theory that the note was made or accepted for his accommodation. (Gen. Stat. 1915, §§ 6607, 6643.) Such argument is fallacious. The defendant was an endorser on no theory of accommodation but only because he had been at one time the owner, holder and payee of the note and had transferred it to the plaintiff for value, and because the statute confers upon the plaintiff transferee the right to the defendant transferrer's endorsement. Since plaintiff has sought in this action to put defendant in the category of an endorser and to hold him as an endorser, it cannot avoid the consequences of its failure to give him the prompt notice which the statute requires in order to perfect an endorser's liability.

Complaint is made because, when the court was about to make its ruling on the demurrer, plaintiff's request for further time to procure the testimony of Adams, the maker of the note, was denied. This testimony, it was shown by an affidavit, would have disclosed some duplicity on the part of defendant in his dealings with Adams, that Adams had returned to defendant the horses and harness for which the note was given, and that defendant "told him not to worry about it as he would take it up and pay the bank for it." Such evidence would have been altogether incompetent in this lawsuit; and even if it was competent, an adjournment in the middle of a trial is a matter within the discretion of the trial court, and a very strong and persuasive showing of injustice would have to be forthcoming before we could say that a refusal of further time was an abuse of that discretion.

Error is also based on the refusal to grant a new trial. The principal ground for requesting a new trial was because of missing documentary evidence—the letter from the cashier to defendant, written November 14, 1918, concerning the maker's default—that

the bank was looking to defendant for payment. The contents of this letter were given in the cashier's testimony, and, as we have seen, it did not supply the statutory requirements of notice of dishonor.

The record contains no error and the judgment is affirmed.