No. 24,578.

J. G. LAWRENCE, *Appellee*, v. THE CITIZENS STATE BANK OF MAN-
HATTAN, and R. B. SPILLMAN as Receiver, etc., *Appellants*.

SYLLABUS BY THE COURT.

NEGOTIABLE INSTRUMENTS—*Transferee of Negotiable Instruments Entitled to
an Unqualified Indorsement by the Transferrer.* Under section 56 of the
negotiable instruments act (Gen. Stat. 1915, § 6576), the transferee of a
negotiable instrument who has paid value therefor is entitled to an un-
qualified indorsement by the transferrer, unless a qualified indorsement
was agreed to by the parties or is fairly to be implied from the circumstances
involved in the transfer.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed
June 9, 1923. Affirmed.

*Alvin R. Springer,* and *Walter Reed Gage,* both of Manhattan, for the
appellants.

*Hal E. Harlan,* and *A. M. Johnston,* both of Manhattan, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to procure the defendant's in-
dorsement on certain negotiable promissory notes which the plaintiff
had acquired from defendant bank in due course.

The circumstances in brief were these: Plaintiff was a depositor
in defendant bank. He was a friend of the bank's president, and
told the latter he wished to invest some of his money. The bank
president said he would sell him some good paper that would make
him a safe investment and yield a return of 6 per cent. Plaintiff
assented to this proposition, and shortly afterwards the bank presi-
dent set aside two demand notes for $1,005.72 and $1,066.63 from
the bank's assets to plaintiff and charged plaintiff's deposit account
therefor. Two months later plaintiff was advised that these notes
had been set apart to him. They were placed in an envelope with
his name thereon, and were laid away in the bank vault ready when
plaintiff should call for them. Plaintiff did not actually take away
the notes nor see them for several months thereafter. About that
time, date not shown, the bank passed into the hands of a receiver.
Plaintiff demanded that the notes be indorsed. The receiver declined
to do more than indorse them "without recourse."

This action was begun to procure an unqualified indorsement.

Lawrence v. Bank.

The cause was tried on the pleadings and on an agreed statement of facts, and judgment was entered in plaintiff's behalf.

The question involved is governed by the negotiable instruments act, the pertinent section of which reads:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferrer; . . . "
(Gen. Stat. 1915, § 6576, Neg. Inst. Law, § 56.)

Does that section mean that the indorsement to which the transferee is entitled, is only a qualified indorsement, an indorsement "without recourse"? We think not. The circumstances of this transfer do not admit of an interpretation that a qualified indorsement was intended. Such an indorsement is not to be inferred; a restricted indorsement is necessarily the result of some express or implied understanding, and when that is wanting, the right to an indorsement without any qualifications is the one which the statute confers on the transferee. Otherwise it was hardly worth while for the legislature to say anything about it. This accords with the view of the supreme court of Oregon which gave extended consideration to this question in *Simpson v. First Nat. Bank,* 94 Ore. 147, one section of the syllabus reading—

"Section 5882 L. O. L., giving transferee the right to indorsement of transferrer, entitles transferee to an unqualified indorsement unless the parties agreed that the indorsement should be qualified." (¶ 16.)

In *Wade v. Guppinger et al.,* 60 Ind. 376, decided before the uniform negotiable instruments act was in vogue, it was held that in the absence of an agreement to the contrary, where one person agrees to transfer a note to another the law implies that the transfer is to be made by indorsement, and the burden to show that a restricted indorsement was intended was on the party urging that defense.

There do not appear to be any other decisions on this precise point, although the statutory rule was referred to in *Bank v. Clark,* 111 Kan. 439, 208 Pac. 549.

Laches is urged against the appellee. That defense was not pleaded; it is not necessarily conceded by the agreed statement of facts; it does not appear to have been called to the trial court's attention; and consequently it should not be permitted to disturb the judgment.

Affirmed.