## FIRST STATE BANK OF THREE RIVERS v. PETRUCHA.

### No. 8566.

Court of Civil Appeals of Texas. San Antonio. March 18, 1931.

Rehearing Denied April 29, 1931.

Conger & Conger, of San Antonio, for appellant.

Arthur H. Bartelt, Hill Grover, and C. W. Trueheart, all of San Antonio, for appellee.

SMITH, J.

Appellee, Tom Petrucha, aged 72 years, resides on his farm in Matagorda county. On August 20, 1929, he was visited by two strangers, Grover C. Turner and Sam Nami, who, by fraud and deceit, induced him to execute and deliver to Turner his plain promissory note for $5,000, to mature in ninety days, and bearing 8% interest, as consideration for an oil lease upon 1,000 acres of land in Bandera county. Turner departed with the old man's note, but after a few days returned, and, still practicing his deceit, induced appellee to execute a new note, for a like amount and upon the same terms, as well as a mortgage upon 200 cattle as security for the note. The new note and mortgage were dated September 4. On the same day Turner turned over the note to one Terry J. Balhorn, for the purpose of enabling the latter, as a broker, to sell the note. Turner did not indorse the note, but gave Balhorn a separate written assignment of it. Subsequently, and before the maturity of said note, Balhorn executed his own note in favor of appellant, First State Bank of Three Rivers, for $5,000, negotiated it to said bank for $4,750, and deposited appellee's note therewith as collateral security, reserving his commission out of the proceeds and paying the balance over to Turner. In September, at the maturity of his note, and still ignorant of the fraud which induced him to execute it, appellee paid the bank the accrued interest thereon, to wit, $200.

On January 9, 1930, the bank brought this action against appellee to recover the amount of the note and foreclose the mortgage on the cattle. Appellee answered, setting up the fraud of Turner and Nami, alleging that Balhorn and the bank each acquired the note with notice of that fraud, and praying for cancellation of the note and mortgage and

recovery of the amount of interest he had paid thereon. He further alleged that he did not discover the fraud which had been practiced upon him until after the note had passed into the possession of the bank, and he had paid the accrued interest thereon to the bank. In his cross-action appellee impleaded A. D. Rogers, R. S. Rogers, Grover C. Turner, Sam Nami, and Balhorn, alleging that they were parties to the fraud practiced upon him and praying for recovery against them.

In response to a jury verdict the trial court rendered judgment denying recovery to the bank, decreeing the cancellation of the note, and awarding judgment in favor of appellee for $200 against the bank and Nami. Judgment was rendered in favor of the two Rogers and Balhorn, and Turner was dismissed for want of service. The bank appealed.

The jury found, upon sufficient evidence, that appellee was defrauded as alleged; that he executed the note sued on by reason of that fraud, and did not discover such fraud until after he had paid appellant the accrued interest on said note; answered in the affirmative the question, "Did Balhorn ever own any interest in the note and chattel mortgage herein sued upon?" and found that he had no such knowledge of the fraud as to charge him with bad faith in taking those instruments; that A. D. Rogers acted as the agent of appellant in acquiring the note and mortgage, and as such had knowledge of such facts concerning those instruments as would amount to bad faith on the part of his principal, the bank, in acquiring them. In short, the jury found for appellee upon every ultimate issue in the case as against the bank and Nami.

▪ Appellee predicated his defense upon the major allegations to the effect that he was induced by the fraud of Turner and Nami to execute the original note, as well as the note and mortgage subsequently executed by him in substitution of the original note, and that he subsequently paid the accrued interest on the note while still ignorant of the fraud. These allegations were supported by ample evidence and were conclusively established by jury findings. Appellant contends that as the evidence showed that appellee executed the second note and the mortgage in order to enable the payee to sell the note, and with the knowledge that the payee intended to and did thereupon sell the note to Balhorn, an innocent purchaser, appellee was estopped to deny liability. We overrule this contention. The fraud of Turner was a continuing one throughout these transactions, and appellee had not discovered such fraud. The fact that he executed the substitute note and mortgage, and thereby changed the form of his obligation, did not have the effect of concluding him, unless, indeed, it is further shown that he thereby intended to waive his right to set up the fraud, Goodwin v. Bank (Tex. Civ. App.) 20 S.W.(2d) 1090; Hawthorne v. Walton (Tex. Civ. App.) 30 S.W.(2d) 397; Sturdevant v. Falvey (Tex. Civ. App.) 176 S. W. 908, or unless the rights of holders in due course for value had intervened.

▪ But, it is contended by appellant that Balhorn was a holder in due course for value and that appellee's right to set up the fraud was cut off by Balhorn's acquisition of the note. It appears from the record that Balhorn took the instrument without the payee's indorsement thereon and through a separate assignment not attached to the note. Appellant's contentions must be tested by these facts.

A promissory note payable to order, as in this case, "is negotiated by the indorsement of the holder completed by delivery." Negotiable Instruments Act, article 5934, § 30. Such "indorsement must be written on the instrument itself or upon a paper attached thereto." Section 31. And, "where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. But *for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made.*" Section 49. (Italics ours.) The method by which Balhorn took the note from Turner, the payee, was not the method prescribed by the foregoing statutory provisions, since it was not "negotiated by the endorsement of the holder written on the instrument itself or upon a paper attached thereto."

The result of the transfer without the payee's indorsement therefore had the effect, merely, of "vesting" the "transferee" with "such title as the transferor had therein." And as Turner never indorsed the paper, Balhorn never became a holder in due course, since such status begins only "as of the time when the endorsement is actually made." Balhorn's status was therefore fixed by the provision in section 58, art. 5935, that "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable." Accordingly, Balhorn did not become a holder in due course, and acquired only such title as Turner had. The note in his hands was therefore subject to any defenses that might be urged against Turner himself. J. I. Case Threshing Mach. Co. v. Howth, 116 Tex. 434, 293 S. W. 800; Ellington v. Commercial State Bank (Tex. Civ. App.) 15 S.W.(2d) 59; Id. (Tex. Com. App.) 24 S.W.(2d) 359; Ingraham v. England (Tex. Civ. App.) 258 S. W. 278.

Appellee impleaded A. D. Rogers upon allegations that he was an active participant in the fraud perpetrated upon appellant, and sought to hold him liable as a principal. The evidence developed, however, that Rogers was not a principal actor but acted only as the agent of the bank in acquiring the note from Balhorn, with knowledge of the fraud practiced upon appellee by Turner in procuring the execution and delivery of the note and mortgage. The jury properly resolved these facts into findings. Now, appellant contends that appellee is bound by his allegation that Rogers was a principal actor in the fraud, and will not be permitted in the face of these pleadings to avail himself of the evidence which gave Rogers the character of a mere agent of the bank. Appellant contends, further, in this connection, that in order to bind the bank by reason of Rogers' agency, it was incumbent upon appellee to specifically allege such agency; that in the absence of such allegations the trial court could not properly submit the question of such agency to the jury. We overrule these contentions. It was alleged that the bank acquired the note and mortgage with notice of the fraud by which their execution and delivery were procured by Turner from appellee. This allegation was sufficient, at least in the absence of special exceptions, to let in proof that the bank acquired such notice through the knowledge of its agents, since it is a corporation, and therefore can act or acquire notice only through its agents. Nor can appellant complain of the submission to the jury of the issue of Rogers' agency, since it appears that appellant himself invited such submission by requesting the court to propound to the jury a like question, in a slightly different form.

From the foregoing conclusions the case at large may be summarized as follows: Turner and Nami fraudulently induced appellee to execute both the original note, and the substituted note and mortgage given to secure its payment. Turner assigned the note and mortgage to Balhorn, who, although having no notice of said fraud, did not become a holder in due course but took only such title to the instruments as Turner had, and therefore took them subject to all defenses available against Turner. Balhorn in turn transferred the instruments to the Bank, which had notice, through the knowledge of its agent, Rogers, of the fraud with which they were tainted, and was properly denied any recovery upon the note and mortgage. These conclusions dispose of appellant's major contentions, embraced in its propositions 1, 2, 3, 4, 7, 8, 10, 11, and 19, which are overruled. Some of the remaining contentions found among appellant's 19 propositions will now be discussed and disposed of.

The jury answered in the affirmative the question, did Balhorn "ever own any interest in the note and chattel mortgage herein sued upon," and further found that Balhorn had no knowledge of facts concerning said instruments "as would amount to bad faith in taking said instruments at that time." Appellant contends that the judgment rendered is contrary to those jury findings. We perceive no such conflict, however. It is true that Balhorn had a broker's interest in those instruments, and we must accord verity to the finding that he had no knowledge importing bad faith upon his part in taking the note. But those facts became immaterial in view of the conclusion, as a matter of law, that he was not a holder in due course, that he took no more title than his assignor had, and that he took subject to all the defenses available as against his assignor, Turner. Appellant's propositions 5 and 6, in which this question is raised, are accordingly overruled. Proposition 9 will also be overruled. The special charge, the refusal of which is complained of in that proposition, was properly refused as being upon the weight of the evidence, if for no other reason.

Appellant's proposition 12 complains that the court erred in admitting testimony of A. D. Rogers for the purpose of establishing the fact of his agency for the bank. We do not understand from the record that Rogers testified to the mere conclusion that he was the agent of the bank. Such testimony would have been inadmissible. The witness did testify to specific facts which had the effect of showing his agency. Such testimony was admissible, particularly when considered with corroborative evidence from other sources. The proposition is overruled. The testimony complained of in propositions 13, 14, and 15, was admissible as showing the original fraud, and was rendered applicable to appellant, shown to have had notice of that fraud. Proposition 16 is without merit, and is overruled. The testimony complained of in proposition 17 was admissible as a circumstance bearing upon Rogers' interest in and agency for the bank. Proposition 18 is predicated alone upon appellant's assignment of error 7, the subject-matter of which has already been disposed of adversely to appellant.

The case appears to have been fairly tried and correctly disposed of, and the judgment is affirmed.

COBBS, J.

I do not concur.