### TYREE v. COX.

No. 12667.

Court of Civil Appeals of Texas.

San Antonio.

March 24, 1954.

Rehearing Denied April 22, 1954.

King & Nesbitt, Corpus Christi, for appellant.

Alsup & Alsup, ·Corpus Christi, for appellee.

NORVELL, Justice.

This is a suit based upon five of a series of· six ·promissory notes, instituted by James M. Tyree against Derward A.. Stevens and wife, Elaine Stevens, the makers of ·the notes, and Elbert S. ·Cox, the named payee therein. Judgment against Cox was sought upon the theory that he was liable as an indorser. James M.. Tyree died during the pendency of the suit and his executor, James Imes Tyree, was substituted as a party plaintiff. Trial was to the ·court without a jury and judgment rendered against Stevens and wife for the amount of the ·notes sued upon. A recovery against Cox was denied, however, and from that portion of the judgment the executor has appealed. Findings of fact and conclusions of law were filed and we make the following statement therefrom:

In August of 1951, Derward A. Stevens and Elaine Stévens executed and delivered

to appellee, Elbert S. Cox, a series of six promissory notes, the first being due on November 1, 1951, and the remaining notes of the series being due respectively on or before November 1st of each year thereafter until 1956. The payment of these notes was secured by a deed of trust creating a junior lien against certain real estate in Nueces County, Texas.

Shortly thereafter, James M. Tyree sold a tract of land to Elbert S. Cox, for which Cox paid the sum of $1,500 in cash and agreed "to assign" to Tyree the six notes executed by Stevens and wife. On September 4, 1951, Cox executed a written instrument transferring such notes to Tyree. The exact language of this instrument was, "That I, Elbert S. Cox, have this day Sold, Conveyed, Transferred and Assigned and by these presents do Sell, Convey, Transfer and Assign unto the said James M. Tyree, six certain promissory notes executed by Derward A. Stevens and wife, Elaine Stevens * * *."

During the course of the negotiations leading to the contract of August 21, 1951, Cox orally agreed to guarantee the payment of the first maturing note. He refused, however, to agree to indorse or otherwise become personally liable for the payment of the remaining five promissory notes. Upon default in the payment of the first promissory note by the makers thereof, Cox paid the same, but has steadfastly refused to pay the remaining five.

The court concluded, as a matter of law, that as Cox had not indorsed the five notes constituting the basis of the judgment and had not otherwise rendered himself liable thereon, judgment should be rendered in his favor, which was accordingly done. As the property had been sold to satisfy a senior lien, no foreclosure of the deed of trust here involved was decreed by the judgment.

The Negotiable Instruments Act is set forth in Vernon's Ann.Texas Stats., and consists of some 196 consecutively numbered sections, divided into seventeen separate Articles, Nos. 5932 to 5948, inclusive. It is appellant's contention that he was entitled to judgment on the notes under and by virtue of Section 49 of the Negotiable Instruments Act, Article 5934, § 49, which provides:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

This section of the Negotiable Instruments Act gives to the transferee of a negotiable instrument for value the right to an indorsement thereon. The Act, however, refers to a number of species of indorsement, such as special, blank, restrictive, qualified, and conditional. Section 33. A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument, but does not impair its negotiability. The species of indorsement is determined by agreement of the parties or, in the absence of such agreement, the law will presume that the usual form of indorsement, that is, an unqualified indorsement was intended. The reasons for these conclusions are set forth in the well-considered case of Simpson v. First National Bank of Roseburg, 94 Or. 147, 185 P. 913. The Texas cases are in accord. Miller v. Shelby County Inv. Co., Tex.Civ. App., 30 S.W.2d 668; Osburn v. Smart, Tex.Civ.App., 58 S.W.2d 1073; Corbell v. Stengel, Tex.Civ.App., 83 S.W.2d 1084.

The appellant does not hold notes bearing the unqualified indorsement of the appellee and consequently such cases as Cresap v. Manor, 63 Tex. 485, and Blucher v. Eubank, Tex.Com.App., 5 S.W.2d 972, are not in point. Appellant's testator paid a valuable consideration for the notes, con-

sequently he is entitled in equity to require appellee to indorse the notes so as to preserve their negotiability, but the form of indorsement which may be compelled depends upon the agreement of the parties.

The agreement, as found by the trial court (which is supported by the evidence, if parol evidence be competent for that purpose), was that Cox should not be personally liable upon the five notes sued upon. This agreement construed with Section 49 of the Negotiable Instruments Act calls for a qualified indorsement, that is, one "without recourse." Section 38. Such indorsement would avail appellant nothing in this litigation.

But appellant asserts that this agreement is ineffective because of the parol evidence rule. As above indicated, this contention is not sound insofar as the notes themselves are concerned, for they bear no indorsement and contain no provision which would in any way be contradicted by an agreement calling for a qualified indorsement.

What is true of the notes is likewise true of the written assignment of the notes, also relied upon by appellee. This transfer obviously relates only to the legal title of the notes. It is a recordable instrument of the usual form employed in transferring notes secured by liens upon real estate. By the written assignment the notes were treated as choses in action rather than strictly as negotiable instruments. The matter of appellee's liability as an indorser is not alluded to or mentioned in any way. Appellant's right to an indorsement does not spring from this agreement, but from the fact that he paid value for the notes which, under Section 49 of the Negotiable Instruments Law, gives him the right to an indorsement, but only in the form in accordance with the true agreement of the parties. The parol evidence rule is not applicable to the situation. McCormick and Ray, Texas Law of Evidence, § 735; Wigmore on Evidence (3rd Ed.) § 2430.

The judgment is affirmed.