**Dan GIBBS, Appellant,**

v.

**J. D. WHEELER, Receiver of Home Service Casualty Insurance Co., Appellee.**

**No. 10511.**

Court of Civil Appeals of Texas.

Austin.

Oct. 30, 1957.

Rehearing Denied Nov. 20, 1957.

Elgar L. Robertson, Dallas, for appellant.

V. F. Taylor, Cecil C. Rotsch, Austin, for appellee.

GRAY, Justice.

Home Service Casualty Insurance Company was adjudged insolvent and on December 1, 1955, appellee was appointed its receiver. As such receiver he brought this suit against B & K Construction Company, a corporation, B. R. Sheffield, its president, James T. Valentine and Dan Gibbs. The suit was to recover on a promissory note dated February 1, 1954, due on or before one year after date, executed by B & K Construction Company acting by its president, payable to James T. Valentine and Dan Gibbs or order, for $40,000 with interest from date and containing the usual contingent 10 per cent attorney's fee clause. Its payment was secured by a deed of trust lien on real estate in Bell County. The deed of trust was executed by B & K Construction Company acting by its president and foreclosure of the lien was prayed for.

Appellant's was the only answer filed and at a non-jury trial appellee, the receiver, recovered a joint and several judgment as prayed for against B & K Construction Company, James T. Valentine and Dan Gibbs, foreclosing the deed of trust lien, and decreeing that B. R. Sheffield had no interest in the note or the real property securing its payment. Dan Gibbs alone has appealed and will be referred to as appellant.

Findings of fact and conclusions of law were not requested and were not filed.

Appellees' petition alleged the execution of the note and deed of trust and that

"* * * on or about March 1, 1954, Dan Gibbs and James T. Valentine, payees and owners of said note and deed of trust, endorsed, sold, transferred, assigned and conveyed by endorsement on said note and by an instrument in writing to Home Service Lloyds said above described note and deed of trust * * *"

and further alleged that

"* * * on or about March 12, 1954, Frank Cain, Attorney-in-Fact for the Underwriters of Home Service Lloyds, endorsed, sold, transferred, assigned and conveyed in writing to Home Service Casualty Insurance Company said above described note and deed of trust and liens in connection therewith, * * *"

It was also alleged that Home Service Casualty Insurance Company deposited the note and lien with the State Treasurer as a security under Art. 8.05, Texas Insurance Code, V.A.T.S.

Appellant's answer, duly sworn to, contained: a general denial; a special denial denying that he was ever the owner of the note and lien in an individual capacity, and a special denial denying that he was liable as an endorser of the note. Appellant further answered that he and his associate, Ross Bohannan, were attorneys for B & K Construction Company and B. R. Sheffield; that the owners and underwriters of Home Service Lloyds desired to convert that company into a capital stock insurance company; that pursuant to that plan or desire a meeting was held and as a part of the mechanics of placing assets in the hands of Home Service Lloyds it was agreed that the note and lien in question would be "conveyed" to appellant and James T. Valentine in trust for Home Service Lloyds; that appellant and James T. Valentine agreed to accept the said note and lien and to assign the same to Home Service Lloyds as soon as the mechanics for converting said Lloyds into a capital stock insurance company were completed; that the said note and lien were assigned to said Lloyds and that appellant and James T. Valentine received no consideration in an individual capacity therefor.

Appellee filed special exceptions to appellant's answer wherein appellant, "Dan Gibbs, seeks to plead that he should not be held liable on the note that he unqualifiedly endorsed because of his contention that he received 'no consideration', because the pleadings show as follows: (a) said Defendant endorsed and delivered said note

to Home Service Lloyds for the purpose of enabling" it and its successors to show sufficient assets to convert into a stock company and "to allow Dan Gibbs to repudiate his endorsement and liability on said note would be a fraud on creditors, and Dan Gibbs is estopped from taking advantage of such fraud and denying liability on his endorsement on said note;" (b) it would be contrary to public policy to allow appellant to defend on the ground that he was only an accommodation endorser and received no consideration for his endorsement.

Appellee further alleged that appellant is estopped to deny liability "by virtue of his endorsement on said note" for alleged reasons contained in exceptions (a) and (b) supra, and further alleged that appellant was not an accommodation endorser "and did receive consideration when he endorsed said note and delivered it to Home Service Lloyds" because at the time he was interested in said Lloyds and in converting it into a stock company.

At a pretrial hearing exceptions (a) and (b) supra were sustained but at the trial appellant testified as to his alleged defenses, he being the only witness who gave oral testimony at the trial. This testimony appears to have been considered by the trial court. For this reason we think the appeal may be disposed of on points other than those complaining of the action of the trial court in sustaining the special exceptions. Appellee agrees with this statement because in his brief he says:

". * * * if it was error to sustain such special exception to the Defendant's said allegations, it was harmless error, and no valid complaint can be made of it because the Defendant (Appellant) was permitted to introduce all evidence on the subject that he desired to introduce. The only evidence offered by the Defendant ·to sustain his theory of defense, which was alleged in said Paragraphs II, III, IV and V of his answer, was his own testimony;

and he testified fully to everything he wanted to say without a single objection."

The note sued on was introduced in evidence and bore no endorsement. The written instrument transferring the note and lien to Home Service Lloyds was dated March 1, 1954, and it was by this instrument that the note was "transferred and assigned" to Home Service Lloyds.

Appellant testified that in keeping with the plan to convert Home Service Lloyds into a stock company a meeting was held and that B. R. Sheffield agreed to put a note into the company in return for stock but he was not acquainted with the parties representing the company and said that:

"A. He said, here is a note, but how am I going to be sure I am getting my stock—he said, Dan, let me make this note to you and Valentine together and if this thing does not materialize, you can surrender the note and deed of trust back to me.

"Q. Did they give you any instructions, either Mr. Cain or Mr. Sheffield or did anyone give you any instructions as to what to do with the note? A. I was to hold it until the company was formed or until the security behind the note was approved by the Insurance Commission.

"Q. Then you were to surrender the note? A. Yes, then I was to surrender the note and receive the stock.

"Q. The security was approved, was it? A. Yes, sir.

"Q. And did you then follow your instructions? A. Yes, sir."

Appellant testified that a certificate of stock was issued to Dan Gibbs, Trustee; that it was delivered to the persons entitled to it and that he did not receive the certificate as an individual, and that he only acted as escrow agent and trustee.

■ Appellee, the receiver, took the note subject to any equities and defenses available against it in the hands of Home Service Casualty Company. Dennis v. Smith, Tex.Civ.App., 49 S.W.2d 909. That company having acquired the note by transfer and assignment took it subject to the equities and defenses available against it in the hands of the assignor. Sec. 49 of Art. 5934, Vernon's Ann.Civ.St. This section reads:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

A question of the endorsement of a note similar to the question here presented was before the court in Tyree v. Cox, Tex.Civ. App., 267 S.W.2d 233, 234, er. ref., and the court there said:

"Appellant's testator paid a valuable consideration for the notes, consequently he is entitled in equity to require appellee to indorse the notes so as to preserve their negotiability, but the form of indorsement which may be compelled depends upon the agreement of the parties."

In the above cause it was held that when, as is the case before us, the notes were not endorsed that the agreement could be proved by parol.

The last two quotations supra relate to the transfer of negotiable instruments for value and constitute a sufficient answer to appellee's argument that appellant is estopped to deny that he received consideration for the transfer of the note. Since the endorsement that appellee is entitled to have on the note in question is not made dependent on the issue of consideration, no useful purpose would be served by discussing the question of whether appellant received consideration for the transfer.

Appellee says that the issue of endorsement was first raised on appeal and in support of that argument quotes from appellant's testimony as follows:

"Question: Mr. Gibbs, I want to be fair in the matter. There has been some objections filed and some questions about whether or not your pleadings are proper. Is there any other defense that you want to raise at this time? If you do, you just state it.

"Answer: Mr. Rotsch, I don't know of a thing. If the law holds me responsible in holding this for the time the company was being organized, I am responsible. I don't know of any other defense. I do know that I did not receive any consideration and as a result I do not feel that I owe it. What the law says may be another matter. I contend I held it as trustee for the company or for Sheffield during the interim of organization. That is all I can rely on because that is a fact."

■ We have sufficiently set out the pleadings and the evidence to show the issue was present in the trial court. Moreover appellant was giving his versions of the facts at a time when special exceptions to his pleadings had been sustained and only his general denial was left. Appellee appears to say, in his brief, that harm did not result to appellant by the sustaining of special exceptions because he was permitted to introduce evidence and that in any event the pleadings and evidence did not show appellant entitled to relief from the trial court's judgment. We will not labor the meaning of the question asked appellant: "Is there any other defense that you want to raise * * *?" The form of the question may have referred appellant to some defense not pleaded however the answer suggests that he was relying on and testify-

ing to his alleged defenses. The quoted evidence was relevant to the alleged defenses and certainly to that of no liability as an endorser. The defense of no personal liability by reason of endorsement of the note was raised by the general denial—appellee having alleged that appellant "became liable and continued to be liable under the terms of said note * * * by virtue of endorsing said note and transferring and assigning said note and deed of trust * *" It was also presented by special denial and by affirmative pleading.

Sec. 33 of Art. 5934, supra, provides that endorsements of negotiable instruments may be either special or in blank and also may be restrictive, qualified or conditional. The agreement as testified to by appellee was that he was not to be personally liable on the note and under such agreement calls for a qualified endorsement, that is without recourse. Tyree v. Cox, supra.

Appellee does not contest the truth of appellant's testimony but argues that such testimony does not constitute a defense to the cause of action alleged against him, and that the facts are sufficient to make appellant liable as an endorser. In M. H. Thomas & Co. v. Hawthorne, Tex.Civ.App., 245 S.W. 966, at page 972, er. ref., the Court said:

"A jury cannot arbitrarily discredit a witness and disregard his testimony in the absence of any equivocation, confusion, or abberation in it. It is not proper to submit uncontradicted testimony to a jury for the sole purpose of giving the jury an opportunity to nullify it by discrediting the witness, when nothing more than mere interest in the case exists upon which to discredit such witness. The testimony must inherently contain some element of confusion or contrariety, or must be attended by some circumstance which would render

a total disregard of it by a jury reasonable rather than capricious, before a peremptory instruction upon the evidence can be said to constitute an invasion of the right of trial by jury. That it is proper for a trial court to instruct a verdict upon the uncontradicted testimony of interested parties, when it is positive and unequivocal and there is no circumstance disclosed tending to discredit or impeach such testimony, can be said to be a settled rule in Texas."

The above authority deals with a trial to a jury however it applies with equal force to a trial court sitting as the trier of the facts. If the facts do not present an issue there is no issue for decision and only a judgment consistent with the facts is authorized.

Under the record before us it becomes our duty to reverse the judgment of the trial court and because it appears that the cause was fully developed at the trial the proper judgment should be here rendered. Appellant testified to facts constituting a defense to the note sued on and if established were sufficient to render him not liable. Tyree v. Cox, supra. Even though appellant was an interested party his testimony was direct and positive and there being no circumstances tending to discredit or impeach him a judgment must be here rendered that appellee take nothing as against him. Dunlap v. Wright, Tex. Civ.App., 280 S.W. 276, 279. Walker v. Simons, Tex.Civ.App., 243 S.W.2d 600, er. ref., n. r. e. 41–B Tex.Jur. Sec. 193, pp. 229, 230.

Insofar as the trial court's judgment adjudged appellant to be personally liable on the note sued on it is reversed and judgment is here rendered that appellee take nothing as against appellant.

Reversed and rendered.