**AMERICAN MOTORS ACCEPTANCE CORPORATION, a Corporation, Appellant,**

v.

**Donald R. HECKERMAN, Appellee.**

No. 5359.

Court of Civil Appeals of Texas.

El Paso.

Jan. 20, 1960.

Rehearing Denied Feb. 24, 1960.

Gerald B. Shifrin, Gus Rallis, El Paso, for appellant.

R. P. Langford, Francis S. Ainsa, El Paso, for appellee.

LANGDON, Chief Justice.

This is an appeal from a summary judgment in favor of appellee, Donald R. Heckerman, defendant below, in a suit brought by appellant, American Motors Acceptance Corporation, plaintiff below. In the briefs filed herein, appellant is referred to as plaintiff, and the appellee as defendant. For purposes of clarity, the parties will be referred to in the same manner in this opinion.

Plaintiff filed suit against defendant on a promissory note executed by defendant on or about September 19, 1957, payable to the order of "Fashion Plate". The note was executed by defendant upon the request of William Edward Whitten, with whom defendant had placed an order for certain tailor-made uniforms. "Fashion Plate", the payee in said note, according to the Assumed Name Records of El Paso County, was, at all times pertinent to this suit, the name of a business located at 4620 Montana Street, individually owned by and operated by William Edward Whitten.

The plaintiff in this suit purchased defendant's note from a corporation chartered in Texas on January 14, 1957, under the name of "Fashion Plate Wares, Inc.", in which William Edward Whitten was named as an officer, and its principal place of business designated as 4620 Montana Street, El Paso, Texas, being the same address as the individually owned business operated by the said Whitten under the name of "Fashion Plate". The note was never indorsed by William Edward Whitten, doing business as the "Fashion Plate", to any one, nor was it ever indorsed "Fashion Plate Wares, Inc." to the plaintiff. The only indorsement appearing on the note was to plaintiff, but is as follows:

"The Fashion Plate, Inc.
"By S/ William Edward Whitten."

The name "Fashion Plate, Inc." at all material times was the name of a Missouri corporation authorized to do business in Texas, but which had no connection with the transactions involved in this suit.

Plaintiff's appeal is predicated upon three points of error in which it is contended, first, that the trial court erred in granting defendant's motion for summary judgment, because there was a disputed material fact issue as to whether there was a failure of consideration and fraud, as plead by defendant; second, that the trial court erred in finding plaintiff was not a holder in due course; and, third, that the trial court erred in failing to grant plaintiff's motion for summary judgment when the undisputed facts showed plaintiff entitled, as a matter of law, to a judgment against defendant.

■ Since the defense of failure of consideration would not be available to defendant as against a plaintiff who is a holder in due course, we deem it appropriate to discuss plaintiff's second point of error, in which it is contended that the trial court erred in finding that plaintiff was not a holder in due course, before discussing other points raised by plaintiff.

While the facts in this case are somewhat unusual, it appears that William Edward Whitten occupied two capacities at all times material to this suit. It is undisputed that he had filed with the County Clerk of El Paso County an assumed name certificate under which he operated a business at 4620 Montana Street, in the City of El Paso, under the name, "Fashion Plate", and that, according to the records of El Paso County, Texas, he had never withdrawn from such business or disposed of his interest therein. A sign, "Fashion Plate", the assumed business name of William Edward Whitten, was the only business name displayed at the shop located on the premises at 4620 Montana Street. It is also undisputed that the same William Edward Whitten was an officer of a corporation chartered in Texas under the name, "Fashion Plate Wares, Inc.", with its principal place of business also designated as 4620 Montana Street. Thus, it appears that Whitten, at the time of the execution and delivery of the note in question, was the individual owner of a business known as "Fashion Plate", as well as an officer of a corporation known as "Fashion Plate Wares, Inc.", doing business at the same address in the City of El Paso.

The note was made payable to "Fashion Plate", the individually owned business, and not to the corporation, Fashion Plate Wares, Inc. Plaintiff contends that the note was negotiated to it by Whitten as an officer of the corporation, and that the payee named in said note, as well as the indorsement, "The Fashion Plate, Inc." (the name of the Missouri corporation), are merely misnomers; that the real payee in said note and the real indorser thereof was the Texas corporation of which William Edward Whitten was an officer, and that plaintiff is, therefore, a good faith holder in due course.

■ Article 5934, Sec. 49, Vernon's Annotated Texas Civil Statutes, provides, in substance, that title to a note payable to the order of a named person may be transferred without indorsement, but such a transfer passes only an equitable title; it is not a transfer within the law of nego-

tiable instruments. Negotiation of the instrument for the purpose of making the transferee a holder in due course takes effect only as of the time, and at the date, when the indorsement is actually made. In the absence of such an indorsement, the transferee's title is subject to whatever equities exist against his transferor. Article 5934, Sec. 49, V.A.T.S.; 25 A.L.R. 163; Ingraham v. England, Tex.Civ.App., 258 S. W. 278; Ellington v. Commercial State Bank, Tex.Civ.App., 15 S.W.2d 59; First State Bank of Three Rivers v. Petrucha, Tex.Civ.App., 38 S.W.2d 138; Gibbs v. Wheeler, Tex.Civ.App., 306 S.W.2d 929.

■ We have carefully considered plaintiff's Point Two, wherein it is contended that the trial court erred in finding that plaintiff was not a holder in due course of the note in question. For the reasons already stated, we reject and overrule this contention. Further, we do not believe Section 43 of the Statute, Article 5934, V.A.T. S., is applicable to the situation found in this case. Here we have two separate and distinct legal entities: the named payee, "Fashion Plate", the assumed name of William Edward Whitten, under which he conducted a business as an individual, constituting the first legal entity; and, the corporation, Fashion Plate Wares, Inc., the second legal entity. Whitten was the sole owner of "Fashion Plate", an unincorporated business, and was one of the incorporators of "Fashion Plate Wares, Inc.", a Texas corporation. We do not believe that this case falls within that line of cases wherein the name of the payee is wrongly designated, misspelled, or abbreviated. The defendant, maker of the note in question, is shown, without dispute, to have dealt with Whitten in his individual capacity, under his assumed name of "Fashion Plate", and the payee in said note was so designated. Also, it was established without equivocation that plaintiff dealt with Whitten only in his corporate capacity, as a representative of Fashion Plate, Inc., or Fashion Plate Wares, Inc. Since the indorsement was not that of the payee, the plaintiff transferee

was not a holder in due course, but took the note subject to the defenses available to the defendant against the named payee.

We will next discuss plaintiff's first point of error, wherein it is alleged that the trial court erred in granting defendant's motion for summary judgment because there was a disputed material fact issue as to whether there was failure of consideration and fraud, as plead by defendant.

Rule 166–A, Texas Rules of Civil Procedure, section (c), provides that the judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ The trial court had before it defendant's sworn pleadings in which it was alleged that the consideration for the execution and delivery of the note had wholly failed; affidavit of defendant wherein he swore that the uniforms which he ordered had never been delivered to him; and the deposition of defendant in which he swore that he had never received the uniforms.

■ In a proceeding under Rule 166–A, where facts are stated in sworn pleadings and affidavits by persons having direct knowledge of such facts, and who are competent to testify, the denial of such facts, in general terms, in unsworn pleadings, by the opposite party, does not raise a "genuine issue of a material fact." Affidavits opposing a motion for summary judgment must meet the requirements of subsection (e) of Rule 166–A. It must set forth matter admissible in evidence to show the existence of a dispute as to the facts of a controlling issue. This, the plaintiff failed to do. Under the circumstances, the plaintiff was required to come forward with more than a mere unsworn pleading, or suffer a summary judgment to be rendered against it. Plaintiff's Point One is therefore overruled. Rolfe v. Swearingen, Tex.

Civ.App., 241 S.W.2d 236; Palm v. La Mantia Bros. Arrigo Company, Tex.Civ. App., 287 S.W.2d 208.

We deem it unnecessary to discuss plaintiff's third point, in view of our holding above.

Finding no error, the judgment of the trial court is affirmed.