**FIRST NATIONAL BANK OF MEXIA,**
Texas, Appellant,

v.

**K. A. ANDERSON, dba K-Way Builders Supply Company, et al., Appellee.**

No. 3952.

Court of Civil Appeals of Texas.

Waco.

Dec. 14, 1961.

Rehearing Denied Jan. 4, 1962.

Bradley & Geren, Groesbeck, for appellants.

Hugh D. Reed, Jr., Fairfield, Bowlen Bond and Glynn Nance, Teague, O. F. Watkins, Mexia, for appellee.

TIREY, Justice.

This action involves the Negotiable Instruments Act, particularly Article 5934, Sections 30 and 49, and was tried without the aid of a jury. It does not yield to a simple statement, but since the Court, on request, filed findings of fact and conclusions of law, we will state the pertinent parts of these findings. On April 4, 1960, K. A. Anderson, dba K-Way Builders Supply Company, entered into a written contract with Bill Moore (and accepted by Mrs. Opal Richardson, a feme sole) for the building and construction of a house (contract price $7180.50) on certain property belonging to Mrs. Richardson, fully described in the contract. Anderson, under

the contract, furnished the material to the owner in the amount of $5600.02 of material and labor; that construction was begun under a written contract and the house was completed with extras at the reasonable cost of $300.00, and at the time of the trial Mrs. Richardson had paid Moore, the builder, the sum of $4916.50, on the contract price, no part of which was paid to Anderson. On May 3, 1960, Mrs. Richardson gave to Moore a Mechanic's and Materialman's Lien Contract covering certain lands and premises in Freestone County, Texas, including the property on which the house was being built and this instrument was signed by Moore and Mrs. Richardson and acknowledged on May 5, 1960, and the instrument was filed with the Clerk of Freestone County, Texas, and recorded in Vol. 9, Page 503, in the records of said county. The lien was given to secure a note in the sum of $7100.50, payable to Moore, or order, and it was secured by a Mechanic's and Materialman's Lien. This lien of May 3, 1960, was given for the building of the same house to be constructed for Mrs. Richardson, which was evidenced by contract of April 4, 1960. This note and contract was delivered to Moore by Richardson, and at the time Mrs. Richardson signed the note and contract, she knew what she was signing and the nature and consequence of her acts in the signing.

"Moore, sometime after May 5, 1960, and prior to July 30, 1960, left said note for $7100.50 and the lien securing it, with defendant Bank as collateral security; and at which time, Moore executed to said Bank a new note for the sum of $5500.00. When this note and lien were left with Bank as collateral security for indebtedness then owing said Bank by Moore, and for new note of $5500.00, Moore neither transferred nor assigned said note and lien, or either of them, to said Bank, but merely left same with said Bank as collateral security.

"About five days prior to July 30, 1960, Hugh D. Reed, Jr., an attorney of Fairfield, Texas was employed by Anderson to collect the money due him under said contract of April 4, 1960, being the sum of $5600.02; that on July 30, 1960, and between the hours of eight o'clock A.M., and nine o'clock A.M. at approximately 8:30 A.M., Reed called Bank seeking to locate note and lien of date May 3, 1960, he having discovered same of record, and having been informed by Moore that the Bank had said instruments, at this time, Reed informed Bank that he was employed by Anderson to collect his money; that Richardson had already paid Moore, at least, $4300.00 on the contract, and that Anderson had furnished material and supplies for the building of said house to the extent of $5500.00, for which he had been paid nothing. After Bank received this call from Reed, it began trying to locate Moore, and did locate him—and at some time between 12:30 P.M., and 1:05 P.M., approximately 1 o'clock P.M., of said July 30, 1960, Moore came to the Bank and transferred said note to said Bank by written transfer on the back thereof, and transferred said note and lien to said Bank by written transfer, which transfer and assignment was filed for record with the County Clerk of Freestone County, Texas, on August 1, 1960, at eight o'clock A.M. Anderson filed this suit in the 87th District Court of Freestone County, Texas, on August 1, 1960."

## "CONCLUSIONS OF LAW:

"I conclude as a matter of law that said Bank was not a holder in due course of said note and lien left with it by Moore as collateral security, but took said note and lien subject to whatever equities then existed against its transferror Moore. The note being payable to Moore, or order, is negotiated only by the endorsement of Moore and the delivery thereof. Moore did not endorse this note until about 10 o'clock P.M., on July 30, 1960, at

which time the Bank had been given notice by Reed of the outstanding equities existing against Moore in connection therewith. Moore having been paid for all services rendered by him in the building of said house by Richardson, he had no further claim against her; and Anderson having been paid nothing for material and supplies furnished, was entitled to any unpaid balance due by Richardson, which was found to be $2664.00. (See Article 5934 VACS, sections 30 and 49. First State Bank of Three Rivers v. Petrucha [Tex.Civ.App.], 38 S.W.2d 138. Gibbs v. Wheeler [Tex.Civ.App.], 306 S.W. 2d 929; 6 Texas Jurisprudence, page 670, section 67.)"

■ The court decreed that Anderson recover of defendants, Bill Moore and Mrs. Richardson, jointly and severally, $2664.00, being the unpaid balance on the original contract for the sum of $7180.50 for the construction of the residence built upon the land and premises of Mrs. Richardson, together with interest at the rate of 6% per annum from date. It further decreed that Anderson have judgment against defendant, Moore, individually, for the further sum of $2936.02, being the amount due Anderson over and above the sum of $2664.00 on the contract executed by Anderson and defendant, Bill Moore, and accepted by Mrs. Richardson, with interest at the rate of 6% per annum from date until paid. The court decreed that the First National Bank of Mexia be denied any recovery against Mrs. Richardson for any sum and denied a foreclosure of any asserted mechanic's and materialman's lien against Mrs. Richardson. The court further awarded judgment in favor of the First National Bank of Mexia against Bill Moore for the sum of $7100.50 for its debt and for the further sum of $710.00 attorney's fees, together with interest at 6% per annum from date of this judgment. The court further decreed that the mechanic's and materialman's lien contract executed by defendant, Mrs. Richardson, to defendant Bill Moore, dated May 3,

1960, recorded in Vol. 9, Page 503 of the mechanic's and materialman's lien records of Freestone County, Texas, be cancelled and held for naught and that the cloud cast on Mrs. Richardson's title be removed. The judgment sets out a detailed description of the land involved. The judgment assessed all the costs against Mrs. Richardson and Bill Moore jointly and severally. The First National Bank of Mexia duly excepted to the judgment and gave notice of appeal to this court and has seasonably perfected its appeal (none of the other parties appealed).

The bank assails the decree on what it designates as 5 Points. Points 1, 2 and 3 are to the effect that under the undisputed factual situation here before the court, the bank was the holder of the note of Mrs. Richardson in due course. Point 4, that the court erred in holding that Mrs. Richardson was entitled to credit for payments made to Moore when the bank held the note, because she made no investigation to find out where the note was and did not see that credits were made on said note when she made the payments to Moore. Point 5, the court erred in overruling the plea in abatement and motion for continuance filed by the bank when it was shown that the bank was not served with citation on the cross-action filed by Mrs. Richardson, and that the bank was only furnished a copy of the cross-action within 7 days prior to trial, and because the bank was never furnished with a copy of the answer of Mrs. Richardson which was filed after the hearing on the application for temporary injunction.

As we understand the position of the bank it is to the effect that under this factual situation disclosed by the findings of fact of the trial court and the record, that the bank is an innocent purchaser for value of the note and the mechanic's lien before maturity, and that such note and lien were assigned and pledged to it by Moore, the original holder before maturity, and that the bank is entitled to foreclosure on the land and improvements for the sum of $7100.50, and for judgment against Mrs.

Richardson and Moore for such sum with interest and attorney's fees, and the bank relies on the opinion of our Supreme Court in Continental National Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928, and the decisions there cited. We do not think the decision in the foregoing case is applicable and controlling to the undisputed factual situation here. In the Continental Bank case the Court said:

"The note was payable October 21, 1945 to Womack's order and, together with the contract, was endorsed and delivered by him to the bank on October 15, 1945, or six days before maturity, against an advance to him on that date of $1000. A further advance, amounting to $400, was made on November 10, 1945, or some 21 days after maturity of the pledged note, which meanwhile had evidently remained in the bank's possession as security for the first advance."

In the case at bar the court found substantially that Moore sometime after May 5, 1960, and prior to July 30, 1960, left the note for $7100.50 and the lien securing it with defendant bank as collateral security, and at that time Moore executed to the bank a new note for the sum of $5500.00; that this note and lien were left with the bank as collateral security for the indebtedness then owing the bank by Moore and for the new note of $5500.00 aforesaid; that Moore neither transferred nor assigned the $7100.50 note and lien, or either of them, to the bank, but merely left the foregoing note with the bank as collateral security. We think this undisputed factual situation distinguishes the case at bar from the Continental Bank case and brings this pertinent factual situation under Art. 5934, sections 30 and 49. Section 30 provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

Section 49 is:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. *But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made.* (emphasis added)."

In the case at bar we think the evidence is without dispute that the negotiation or indorsement by Moore of the $7100.50 note took place after the bank had actual notice of the rights of Anderson and Mrs. Richardson, which information the bank obtained through Anderson's lawyer as fully detailed in the court's findings of fact. We think such factual situation brings this case within the rule stated by Tyree v. Cox, Tex.Civ.App., 267 S.W.2d 233 (w. ref.). The opinion of Justice Norvell has not been overturned by our Supreme Court, and that opinion is binding upon us. See also the opinion of First State Bank of Three Rivers v. Petrucha, Tex.Civ.App., 38 S.W.2d 138 (writ dis.); Gibbs v. Wheeler, 306 S.W.2d 929 (n. r. e.), 6 Tex.Jur. 670, Sec. 67. See also Art. 5935, R.C.S., Sec. 52, and Sec. 54. Our view is that under the undisputed factual situation, and under the authorities cited, the bank is not a holder in due course, and Points 1, 2, 3 and 4 are each overruled.

■ Going back to appellant's Point 5, we are of the view that the court did not err in overruling the bank's plea in abatement and its motion for continuance. The transcript shows that the bank, on January 6, 1961, filed its cross-action against plaintiff Anderson, and defendants Mrs. Richardson and Bill Moore, and in this cross-

action set out in detail the facts and circumstances relating to the execution and delivery of the note of $7100.50, as well as the execution and delivery of the mechanic's and materialman's lien and prayed for judgment on its cross-action for the full amount of the note with interest, attorney's fees and for foreclosure of the materialman's and mechanic's lien. On February 20, 1961, Mrs. Richardson filed her cross-action against the bank, and in her cross-action she set up for the first time that at the time she executed these instruments that she was ill and in the hospital and was under the influence of heavy sedatives, and that she was in such a mental state that she did not know the consequence of her acts, and that her signature to the note and mechanic's lien was obtained through fraud and misrepresentation, and that by reason thereof the note and lien was procured by fraud and she asked that each be cancelled. The cause went to trial on February 27, 1961, and on the same day the bank filed its exceptions to the cross-action and setup that it was not served with citation and that it had not waived service, and that it had not been furnished with a copy of the cross-action within the 7 day period required by Rule 63 of the Texas Rules of Civil Procedure, and prayed that the suit be abated until it could have an opportunity to investigate the facts set out in the cross-action of Mrs. Richardson. The court had a hearing on this plea in abatement and/or motion for continuance and after hearing the same overruled the bank's contentions, to which the bank duly excepted. Thereafter, on the same date, the bank filed its original answer to Mrs. Richardson's cross-action and denied each and every allegation thereof. The court, in its findings of fact pertinent to this matter, specifically found: "This note and contract were delivered to Moore by Richardson; and at the time Richardson signed said note and contract, she knew what she was signing, and the nature and consequence of her acts in signing." The court in its decree denied Mrs. Richardson any relief against the bank and taxed all costs of this suit against Mrs. Richardson and defendant Moore. So, if there was any error in overruling the banks' plea in abatement and motion for continuance, it became harmless and passed out of the case under the provisions of Rules 434 and 503, T.R.C.P. It follows that we are of the view that the bank's Point 5 is without merit and it is overruled. Finding no error the judgment of the trial court is in all things affirmed.