443 P.2d 701

THOMAS J. GROSSO INVESTMENT, INC., a corporation, Appellant,

v.

Frank J. MURPHY and Marion Murphy, his wife, Appellees.

No. I CA-CIV 629.

Court of Appeals of Arizona.

July 17, 1968.

Rehearing Denied Aug. 29, 1968.

Review Denied Oct. 22, 1968.

---

1. Quotation from appellant's brief.

Allen L. Feinstein and George W. Oglesby, Phoenix, for appellant.

Hughes, Hughes, & Conlan by John C. Hughes, Phoenix, for appellees.

KRUCKER, Judge.

Mr. and Mrs. H. Harold Liberty executed a note and mortgage payable to appellant, defendant below, Thomas J. Grosso Investment, Inc. This note and mortgage were sold to the appellees, Frank J. Murphy and Marion Murphy, his wife, who are the plaintiffs below. Payments on the note and mortgage being in default, the Murphys filed an action against Thomas J. Grosso Investment, Inc., Mr. and Mrs. Liberty, and the Valley Title and Trust Company, who was the escrow agent for the note and mortgage. Grosso Investment, Inc., and the Murphys are the only parties to this appeal.

After trial before the court, judgment was entered adjudging the defendant Grosso and Mr. and Mrs. Liberty liable to plaintiffs in the sum of $22,500, plus interest, and $5,000 attorneys' fees; and awarding judgment in favor of plaintiffs and against the defendant Valley Title and Trust Company in the sum of $15,000, which sum when recovered would be credited pro tanto against the judgment entered against the other defendants.

Defendants entered a general denial and defendant Grosso raised the Statute of Frauds as an affirmative defense to the alleged agreement of guaranty. The complaint alleged that Thomas J. Grosso Investment, Inc. covenanted and agreed with plaintiffs to assign and endorse the said note and mortgage to plaintiffs and to guarantee the payment of the note. After the purchase of the note and mortgage by the plaintiffs, it was discovered that the note was not endorsed to anyone, and upon this discovery, the endorsement of the note on August 3, 1962 by Grosso was made "without recourse":

"Phoenix, Ariz.
Aug. 3, 1962

"For Value Received the undersigned hereby assigns, sells and transfers unto Frank J. Murphy and Marion Murphy, his wife, all of its right, title and interest in and to the within note without recourse.

THOMAS J. GROSSO
INVESTMENT INC.
/s/ By Thomas J. Grosso"

The assignment of mortgage duly executed by Grosso Investment assigning the mortgage to Murphy was recorded by Valley Title and Trust Co. on April 20, 1962. After discovery of the character of the endorsement of the note on August 3, Murphy strenuously objected to the restricted endorsement of the note. Grosso testified that he had had no discussion with Murphy as to how the note would be signed. Testimony was as follows:

"Q. Did you have a discussion with Mr. Murphy about how you would sign the note?

A. Absolutely not. Absolutely not.

\*    \*    \*    \*    \*    \*

Q. As to Mr. Murphy, as to how you would sign the back of this note, did you have a discussion with Mr. Murphy?

A. No. Absolutely not."

* * * * * *

Murphy never testified to authorizing or consenting to a limited endorsement and further testified that Grosso informed him on previous occasions " * * * if anything goes wrong, I will look after it for you," and that appellant had, in fact, on one occasion made good a mortgage that the company had sold to Murphy.

This appeal raises two principal questions. First, was there a guaranty agreement which would be interpreted to assess liability for payment of the note by Grosso, and if there was such a guaranty of the note, was it ineffectual because of the Statute of Frauds? The second question deals with the qualified endorsement of the note to Murphys by Grosso and if such a qualified endorsement is permissible in the absence of an agreement for such an endorsement.

We think the second question is dispositive of this appeal. Former A.R.S. § 44-449, now repealed but effective as to this transaction, provides:

"§ 44-449. Transfer without endorsement; effect of

"Where the holder of an instrument payable to his order transfers it for value without endorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the endorsement of the transferor. * * *"

It is clear that the burden of proving a qualified endorsement is upon the transferor and such an endorsement may not be inferred. Lawrence v. Citizens' State Bank of Manhattan, 113 Kan. 724, 216 P. 262 (1923). In that case the court stated:

"Such an indorsement is not to be inferred; a restricted indorsement is necessarily the result of some express or implied understanding, and, when that is wanting, the right to an indorsement without any qualifications is the one which the statute confers on the transferee."

In Simpson v. First National Bank, 94 Or. 147, 185 P. 913, 920 (1919), the court stated:

" * * * an unqualified indorsement is the one most used in the commercial world and the one which is generally expected by the transferee unless the parties have agreed to the contrary."

Appellant asserts that the judgment cannot be supported by the issues as outlined in the pleadings, but we find that the issue was raised on an allegation of failure to endorse the note at the time of the transfer and the allegation of a subsequent improper endorsement. Appellant admits in its brief that the endorsement called for in A.R.S. § 44-449 is in the absence of an agreement to the contrary presumed to be an unqualified endorsement; also citing *Simpson,* supra. Also see, Tyree v. Cox, 267 S.W.2d 233 (Tex.Civ.App.1954) wherein the court held:

"The species of indorsement is determined by agreement of the parties or, in the absence of such agreement, the law will presume that the usual form of indorsement, that is, an unqualified indorsement was intended. * * *."

The third question presented by the appeal is the amount of attorneys' fees allowed in the judgment in the sum of $5,000. The record discloses that the plaintiffs' counsel put in 121 hours of preparation prior to the trial and that the trial consumed three days. We think that the amount of attorneys' fees being in the sound discretion of the trial judge is not improper and see no abuse of his discretion. We deem the allowance proper.

For the reasons stated, the judgment of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.